Walteb J. Mahoney, J.
The pertinent facts, insofar as the pending motions now before the court are concerned, would not appear to be in serious dispute. On or about May 7, 1969, a collision occurred between the engine of a train owned and operated by Canadian National Railway Company and an automobile owned and being operated by one Arthur Kuehner at the Holloway Bay Road grade crossing in the Town of Sherkston, Province of Ontario, Canada. Aime Neumeier, plaintiff’s intestate, was a pasesnger in the Kuehner vehicle at the time of the accident in which both the owner-driver and the passenger were instantly killed.
On the morning of the fatal day, Arthur Kuehner, a New York State resident operating his own automobile registered and insured in the State of New York, crossed the International border into Canada and stopped at the home of Aime Neumeier, who there resided with his wife, Joan Neumeier, a niece of Mr. Kuehner, and their children in the City of Ft. Brie, Ontario, Canada. The two men then proceeded in the Kuehner vehicle, being driven by Arthur Kuehner, destined for Long Beach, Ontario, Canada, where Mr. Kuehner owned certain real property on which were situated various cottages normally rented by him to summer vacationists. The ostensible purpose of the trip was to perform various preparatory work at the cottages for the coming rental season. It would also appear that there was to be no payment of consideration for the work to be performed by Mr. Neumeier.
While proceeding on the Holloway Road, the vehicle entered upon a railroad grade crossing where it came in collision with *768 a westbound train owned and operated by Canadian National Railway Company, fatally injuring both the driver-owner, Kuehner, and passenger, Neumeier.
The Canadian National Railway Company is a Canadian corporation operating primarily in Canada but authorized to do business in the State of New York. The train involved in the fatal accident, it would appear, commenced its trip at Ft. Erie, Ontario, Canada, and was destined to another point in the Province of Ontario, Canada, with all members of the train crew being Canadian domiciliaries.
The Kuehner vehicle was owned, registered and insured in New York State. Kuehner himself was a permanent resident of New York State although owning real property in Ontario, Canada.
Neumeier was a lifelong resident of Canada and employed in Canada. His wife, originally a New York resident, moved to Canada upon her marriage in 1960, having a status of a “landed immigrant” and living in Ontario, Canada continuously to the time of the accident.
A wrongful death action has been commenced in this court by the Neumeier estate against the Kuehner estate and Canadian National Railway Company, based upon negligence.
Defendant Kuehner estate, by its answer has pleaded as an affirmative defense, (par. “Sixth”), the so-called vehicle guest statute enacted in the Province of Ontario, Canada (Highway Traffic Act, Part X, § 105, subd. [2]), which provides, in substance, that the owner or operator of a vehicle is not liable to a gratuitous passenger or to such passenger’s estate for injury or wrongful death arising out of an accident unless the operator of said vehicle was guilty of gross negligence.
Defendant, Canadian National Railway Company, by its answer has pleaded three affirmative defenses (pars. “ Eighth ”, “Ninth” and “Tenth”), with reliance upon the afore-mentioned guest statute. In connection therewith, said defendant has served, pursuant to CPLR 4511 (subd. [b]), a notice of intention to request judicial notice of section 105 of part X of the Highway Traffic Act of the Revised Statutes of Ontario 1960, as amended.
Plaintiff now moves this court for dismissal of the aforesaid affirmative defenses asserted by the respective defendants herein insofar as they are pleaded in reliance upon the cited guest statute of the Province of Ontario, contending said statutory provision to be in conflict with the law of this State and therefore constituting no valid defense to plaintiff’s action herein.
*769 Thus, presented to this court is a choice-of-law problem in a case classification which precedent case law has acknowledged to be most troublesome, particularly in this age of automotive travel and transitory proclivities of the populus.
The latest authoritative consideration of the choice-of-law or conflicts problem, involving the applicability of a foreign guest statute, to which this court has looked for guidance, is Tooker v. Lopez (24 N Y 2d 569). The Looker ease involved the question of whether a State of Michigan “ guest statute ” should govern a suit brought on behalf of a decedent, a New York domiciliary, killed in an automobile accident occurring in Michigan while riding as a passenger in an automobile which was being driven by a New York domiciliary and owned by the driver’s father, also a New York resident, and which car was registered and insured in New York. In this four to three decision, the majority opinion was written by Judge Keating and joined in by Judge Bergan. Chief Judge Fuld and Judge Burke wrote separate concurring opinions with Judge Breitel writing a dissenting opinion in which Judges Scileppi and Jasen concurred.
After an extensive review and analysis of various keystone decisions on the subject, stemming from Babcock v. Jackson (12 N Y 2d 473), including Dym v. Gordon (16 N Y 2d 120), Macey v. Rozbicki (18 N Y 2d 289), Matter of Crichton (20 N Y 2d 124), Matter of Clark (21 N Y 2d 478) and Miller v. Miller (22 N Y 2d 12) tracing the evolution of governing principles involving the conflict of law problem, from the rejected traditional lex loci delictus rule through the ‘ ‘ center of gravity” or “grouping of contacts” and “dominant control” doctrines, the majority opinions concluded, that, the so-called “ interest analysis ” doctrine should prevail, and, that, the policy considerations which underlie the ostensibly conflicting laws should be determinative.
In its consideration of the Michigan guest statute, the majority observed, that, inasmuch as the statutory provision permitted recovery by guests for gross negligence, the purpose of the statute was for the prevention of fraudulent claims against local domestic insurers or the protection of local domestic automobile owners, concluding that such purpose would not be furthered when the insurer is a New York carrier and the defendant is sued in the courts of this State. Under such circumstances, therefore, the jurisdiction enacting such a guest statute had no interest in the application of its law.
However, upon the majority’s analysis of New York State’s legislative enactment of the compulsory insurance provisions *770 contained in the Vehicle and Traffic Law requiring that automobile liability insurance policies cover liability for injuries regardless of where the accident takes place (Vehicle and Traffic Law, § 311, subd. 4) and observing that New York ‘ ‘ has evidenced commendable concern not only for residents of this State, but residents of other States who may be injured as a result of the activities of New York residents ”, concluded that New York had the only real interest whether recovery should be granted and that application of the Michigan guest statute would defeat a legitimate interest of the forum State without serving a legitimate interest of any other State. (Tooker v. Lopez, supra, pp. 576, 577.)
The 1 ‘ interest analysis ’ ’ approach to the conflicts problem would now appear, by virtue of the Tooker case (supra), to be the rule of this State in considering conflicts of law. Like so many doctrines, however, an enunciated principle, while stated with ease and apparent clarity, may become difficult and obtuse in its application. Such is the case now before this court.
The obvious significant distinguishing* factors in the case at bar from the facts in Tooker are the residence and domicile of the plaintiff’s intestate as well as the domicile and status of the corporate codefendant herein, both being of the Province of Ontario, Canada, the place of the accident giving rise to this lawsuit. Whether such factors affect the interest of the Province of Ontario in the application of its guest statute may well be determinative of the motions now before this court.
Wkile the Keating, Burke and Breitel opinions in Tooker alluded to the problem now confronting* this court relative to the recovery status of a Michigan resident passenger in that case, no definitive determination was made, and, properly so, as such issue was then not before that court.
This court does, however, find some guidance in resolving the issue now before it from the concurring opinion of Chief Judge Fuld. After discussing two status situations not here pertinent, Judge Fuld observed at page 585, supra:
1 ‘ Without attempting too much, I believe that we may accept the following principles as sound for situations involving guest statutes in conflict settings:
a # # #
( ¿ 2 * # *
“3. In other situations, when the passenger and the driver are domicile in different states, the rule is necessarily less categorical. Normally, the applicable rule of decision will be that of the state where the accident occurred but not if it can *771 be shown that displacing that normally applicable rule will advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants. (Cf. Restatement, 2d, Conflict of Laws, P. O. D., pt. II, §§ 146, 159.) ”
Conscious of the foregoing, this court will endeavor to apply the “ interest analysis ” approach, as it understands the majority opinion of Tooher (supra) with guidance from the observations contained in the Ftjld concurring opinion, to the facts of the case now before it.
Acknowledging, on the one hand, that the statutory purpose and enunciated policy of New York State’s motor vehicle compulsory insurance law, requiring that motorists shall be financially able to respond in damages for their negligent acts, so that innocent victims of motor accidents may be compensated for their injuries and financial loss inflicted upon them (Vehicle and Traffic Law, § 310) and that this State has, by its statutory provisions, evidenced “ commendable concern not only for residents of this State, but residents of other States who may be injured as a result of the activities of New York residents,” (Tooker v. Lopez, supra, p. 577), and, on the other hand, acknowledging that the statutory purpose of the Ontario guest statute is “to prevent the fraudulent assertion of claims by passengers, in collusion with the drivers, against (domestic) insurance companies ” (Babcock v. Jackson, 12 N Y 2d 473, 483, supra; reaffirmed by Tooker v. Lopez, supra, p. 572), the query then presented is, whether the conclusion that the law of the forum as determined in Tooher (supra) prevails, or whether other policy considerations, under the facts here presented, call for the application of the law of the place of the accident. Stated in the alternative, to paraphrase the suggestion by Chief Judge Ftjld, whether the normally applicable rule that the law of the jurisdiction where the accident occurred shall apply, or whether, under the facts here presented, the displacement of such normally applicable rule will advance the relative substantive law purposes without impairing the smooth working of the multi-State and/or intra-national system or produce uncertainty for litigants.
Considering the purpose and intent of the Ontario guest statute being to prevent fraudulent assertion of claims by passengers in collusion with drivers against its domestic insurance companies, in light of the domiciliary status of plaintiff’s intestate, the interest of the Province of Ontario in any implementation of said statutory policy cannot be summarily dis *772 missed. We are here dealing with a citizen and domiciliary of a governmental entity which, in its wisdom, has expressed its policy in such matters by its legislative enactment. While it may well be that it is its domestic insurance carriers which such legislation is designed to protect, an argument of substance can be proffered, that, in the implementation of such policy, the Province of Ontario has a viable interest in governing and supervising the conduct and actions undertaken by its domiciliaries, in furtherance of such policy against possible fraudulent claims. It is only through action initiated by claimants that the possible evil of fraud being legislated against can be accomplished and consummated. Can it be said that the Province of Ontario has no interest in the application of its law, which proscribes action and ensuing rights, as to actions and activities of its domiciliaries in contravention of its enunciated policy on the subject? In this court’s opinion, the Province of Ontario, having established its policy as embodied in its guest statute, has a legitimate interest and concern in the application and enforcement of the provisions of such statute as to its domiciliaries.
In addition, under the particular facts of the case here presented, the corporate codefendant herein is a domiciliary entity of the Province of Ontario in which the Province also has an interest and which corporation is entitled to whatever domestic provisions of law may inure to its benefit for activities and transactions occurring wholly within said Province. Therefore, whatever the ramifications may be from the application of the guest statute in question, as affecting said corporate defendant, should not be denied to such domiciliary of the Province of Ontario by reason of the domiciliary status of its codefendant.
So too, under the guidelines expressed by Chief Judge Ftjld in the Tooher case {supra), this court must conclude that, under the facts here presented, a displacement of the normally applicable rule of the application of the law of the place of the accident, will not advance the relevant substantive law purposes of New York without impairing the smooth functioning of the multi-State and intranational system, and, as here exemplified, would produce great uncertainty for litigants and be conducive to forum shopping.
By reason of the foregoing, this court is constrained to deny the relief sought on plaintiff’s motions herein.