Samuel A. Spiegel, J.
The infant plaintiff in this action is a New York domiciliary. The coplaintiff, father of the infant plaintiff, whose canse of action is derivative of that of the infant plaintiff, likewise is a New York domiciliary. Defendants are domiciliaries of Illinois. The automobile, owned and operated by defendants, in which the infant plaintiff was a guest passenger, was registered and insured in Illinois at the time of the events in issue. The infant plaintiff and the defendant driver were fellow students at a college in Iowa when they began the journey to California in defendants’ automobile from which this action arose. While in California, defendants ’ vehicle went out of control and struck a wall, causing personal injuries to the infant plaintiff. Plaintiffs allege that the accident occurred due to the negligence of defendants with no contributory negligence on the part of plaintiffs.
Defendants raise two affirmative defenses. The first is the “ guest statute ” of California which bars a civil action by a nonpaying guest passenger against a host driver, except for the intoxication or willful misconduct of the driver (Cal. Vehicle Code, § 17158). The second is the guest statute of Iowa which bars an action in such a situation except for the reckless mis *77 conduct of the driver or if the driver was under the influence of drugs or alcohol at the time of the injuries sued upon (Iowa Code Ann., § 321.494). The complaint contains no allegations which could maintain the action if either of the affirmative defenses were to be upheld.
Plaintiffs now move to strike the affirmative defenses. Plaintiffs do not state whether the basis for the motion is legal insufficiency or whether this is a motion for summary judgment upon the defenses. However, the court finds that both of the defenses are sufficient in law and subject to proof. Pursuant to CPLR 3211 (subd. [c]) the court treats this motion as one for summary judgment upon the affirmative defenses.
Plaintiffs contend that under the doctrine enunciated by the Court of Appeals in Tooker v. Lopez (24 N Y 2d 569), the guest statutes pleaded must be disregarded, and the law of recovery of New York, in which there is no limitation upon this action such as is imposed by the pleaded guest statutes, must be applied to this case.
In Tooker v. Lopez, the Court of Appeals, following several of its earlier decisions and expanding upon them refused to apply the guest statute of Michigan, similar to the statutes of California and Iowa pleaded herein, in an action involving a guest-host situation, where the accident occurred in Michigan but where the guest driver and the host passenger were both domiciliaries of New York and where the automobile involved was registered and insured in New York.
The court weighed the interests of Michigan and New York in the outcome of the action. The court found that the interests of New York, being the domicile of the persons involved and the State where the vehicle involved was registered and insured, prevailed over the interests of Michigan. The court found that the Michigan guest statute was enacted in order to prevent collusive suits against insurers by guest passengers injured in an accident to the detriment of nonguest parties injured in the same accident. The court declared, in regard to the policy of the Michigan guest statute, to prevent fraudulent claims against local insurers: ‘ ‘ This purpose can never be vindicated when the insurer is a New York carrier and the defendant is sued in the courts of this State. Under such circumstances, the jurisdiction enacting such a guest statute has absolutely no interest in the application of its law.” (24 N Y 2d, at p. 575.) The court found Michigan to be merely the adventitious site of the accident involved therein with no interests justifying the application of its law. The court therefore applied the law of New York, the *78 domicile of both the injured person and the person whose negligence caused the injuries and the place where the vehicle involved was registered and insured. The rigid classical theory of lex loci delicti gave way to the more logical and humane “ center of gravity ” or “ paramount interest ” theory.
This court, in MacKendrick v. Newport News Shipbuilding & Dry Dock Co. (59 Misc 2d 994), undertook an extensive review of the decisions in the field of conflict of laws. In the Mac-Kendrick case, the court applied the broader New York law of recovery, rather than the restrictive Virginia law, in an action for wrongful death occurring in Virginia, where one particular job was to be performed in Virginia, but plaintiff’s decedent and employer were both New York domiciliarles and plaintiff’s decedent regularly performed his employment in New York.
The ease at bar, however, is distinguishable from both Tooker and MacKendrick. While plaintiffs herein are domiciliarles of New York, defendants are not, and the automobile involved was neither registered nor insured in New York. We do not find that New York is the “ center of gravity ” in this case or that New York is the jurisdiction having the paramount interest in its outcome, so as to justify the application of the law of New York rather than that of the place where the accident occurred.
In reaching our conclusion herein, we are guided by the concurring opinion of Chief Judge Fuld in Tooker v. Lopez, in which he stated (24 N Y 2d, at p. 585): “ In other situations, when the passenger and the driver are domiciled in different states, the rule is necessarily less categorical. Normally, the applicable rule of decision will be that of the state where the accident occurred but not if it can be shown that displacing that normally applicable rule will advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants.” We are further guided by the statement in the concurring opinion of Judge Burke in the Tooker case, that he was not prepared to say what conclusion he would have reached therein if the car involved in the accident were not insured in New York (24 N Y 2d, at p. 591).
In the case at bar, the guest passenger and the host driver were domiciled in different States and the automobile was not insured in New York. Accordingly, triable issues of fact exist as to whether the guest statute of California, the location of the accident, is applicable herein.
However, there are no triable issues of fact with respect to the Iowa guest statute. Iowa is merely the place where the infant *79 plaintiff and the defendant driver attended college together and where their journey resulting in this action commenced. Iowa is neither the location of the events which are the bases of this action nor the domicile of any of the. parties, and the law of Iowa cannot be applied to this case either under the classical theory of lex loci delicti or under the newer paramount interest or center of gravity theory.
Accordingly, the motion is granted as to the affirmative defense of the Iowa guest statute and is denied as to the affirmative defense of the California guest statute.