Chief Judge Fuld.
A domiciliary of Ontario, Canada, was killed when the automobile in which he was riding, owned and *124 driven by a New York resident, collided with a train in Ontario. That jurisdiction has a guest statute, and the primary question posed by this appeal is whether in this action brought by the Ontario passenger’s estate, Ontario law should be applied and the New York defendant permitted to rely on its guest statute as a defense.
The facts are quickly told. On May 7, 1969, Arthur Kuehner, the defendant’s intestate, a resident of Buffalo, drove his automobile from that city to Fort Erie in the Province of Ontario, Canada, where he picked up Amie Neumeier, who lived in that town with his wife and their children. Their trip was to take them to Long Beach, also in Ontario, and back again to Neumeier’s home in Fort Erie. However, at a railroad crossing in the Town of Sherkston — on the way to Long Beach — the auto was^ struck by a train of the defendant Canadian National Railway Company. Both Kuehner and his guest-passenger were instantly killed.
Neumeier’s wife and administratrix, a citizen of Canada and a domiciliary of Ontario, thereupon commenced this wrongful death action in New York against both Kuehner’s estate and the Canadian National Railway Company. The defendant estate pleaded, as an affirmative defense, the Ontario guest statute and the defendant railway also interposed defenses in reliance upon it. In substance, the statute provides that the owner or driver of a motor vehicle is not liable for damages resulting from injury to, or the death of, a guest-passenger unless he was guilty of gross negligence (Highway Traffic Act of Province of Ontario [Ont. Rev. Stat. (1960), ch. 172], § 105, subd. [2], as amd. by Stat. of 1966, ch. 64, § 20, subd. [2]). It is worth noting, at this point, that, although our court originally considered that the sole purpose of the Ontario statute was to protect Ontario defendants and their insurers against collusive claims (see Babcock v. Jackson, 12 N Y 2d 473, 482-483), “ Further research * * * has revealed the distinct possibility that one purpose, and perhaps the only purpose, of the statute was to protect owners and drivers against suits by ungrateful guests.” (Reese, Choice of Law, 71 Col. L. Rev. 548, 558; see Trautman, Two Views on Kell v. Henderson: A Comment, 67 Col. L. Rev. 465, 469.)
*125 The plaintiff, asserting that the Ontario statute “ is not available * * * in the present action ’ ’, moved, pursuant to CPLR 3211 (subd. [b]), to dismiss the affirmative defenses pleaded. The court at Special Term, holding the guest statute applicable, denied the motions (63 Misc 2d 766) but, on appeal, a closely divided Appellate Division reversed and directed dismissal of the defenses (37 A D 2d 70). It was the court’s belief that this result was dictated by Tooker v. Lopez (24 N Y 2d 569).
In reaching that conclusion, the Appellate Division misread our decision in the Tooker case — a not unnatural result in light of the variant views expressed in the three separate opinions written on behalf of the majority. It is important to bear in mind that in Tooker, the guest-passenger and the host-driver were both domiciled in New York, and our decision— thab New York law was controlling — was based upon, and limited to, that fact situation. Indeed, two of the three judges who wrote for reversal — Judge Keating (24 N Y 2d, at p. 580) and Judge Burke (at p. 591) — expressly noted that the determination then being made left open the question whether New York law would be applicable if the plaintiff passenger happened to be a domiciliary of the very jurisdiction which had a guest statute.[1] Thus, looker v. Lopez did no more than hold that, when the passenger and driver are residents of the same jurisdiction and the car is there registered and insured, its law, and not the law of the place of accident, controls and determines the standard of care which the host owes to his guest.
What significantly and effectively differentiates the present case is the fact that, although the host was a domiciliary of New York, the guest, for whose death recovery is sought, was domiciled in Ontario, the place of accident and the very jurisdiction which had enacted the statute designed to protect the host from liability for ordinary negligence. It is clear that, although New York has a deep interest in protecting its own residents, injured in a foreign state, against unfair or anachronistic statutes of that state, it has no legitimate interest in *126 ignoring the public policy of a foreign jurisdiction — such as Ontario — and in protecting the plaintiff guest domiciled and injured there from legislation obviously addressed, at the very least, to a resident riding in a vehicle traveling within its borders.
To distinguish Tooker on such a basis is not improperly discriminatory. It is quite true that, in applying the Ontario guest statute to the Ontarió-domiciled passenger, we, in a sense, extend a right less generous than New York extends to a New York passenger in a New York vehicle with New York insurance. That, though, is not a consequence of invidious discrimination; it is, rather, the result of the existence of disparate rules of law in jurisdictions that have diverse and important connections with the litigants and the litigated issue.
The fact that insurance policies issued in this State on New York-based vehicles cover liability, regardless of the place of the accident (Vehicle and Traffic Law, § 311, subd. 4), .certainly does not call for the application of internal New York law in this case. The compulsory insurance requirement is designed to cover a car-owner’s liability, not create it; in other words, the applicable statute was not intended to impose liability where none would otherwise exist. This being so, we may not properly look to the New York insurance requirement to dictate a choice-of-law rule which would invariably impose liability. As Justice Mottle wrote in the course of his dissenting opinion below (37 A D 2d, at pp. 75-76), “ The statute [Vehicle and Traffic Law, § 311, subd. 4] does not purport to impose liability where none would otherwise exist. We must observe that Judge Keating’s statement ([in Tocker, 24 N Y 2d, at] p. 577) that the Legislature ‘ has evinced commendable concern not only for the residents of this State, but residents of other States who may be injured as a result of the activities of New York residents ’ was in the context, not of proving that New York had a governmental interest in overriding foreign rules of liability, but of demonstrating that it was immaterial in that case that the driver and passenger, while domiciliaries of New York, were attending college in Michigan. While New York may be a proper forum for actions involving its own domiciliaries, regardless of where the accident happened, it does not follow that we should apply New York law simply because some may think it is a better rule, where doing so does not advance any New York State *127 interest, nor the interest of any New York State domiciliary.”
When, in Babcock v. Jackson (12 N Y 2d 473, supra), we rejected the mechanical place of injury rule in personal injury cases because it failed to take account of underlying policy considerations, we were willing to sacrifice the certainty provided by the old rule for the more just, fair and practical result that may best be achieved by giving controlling effect to the law of the jurisdiction which has the greatest concern with, or interest in, the specific issue raised in the litigation. (See, also, Tooker v. Lopes, 24 N Y 2d 569, 584 [concurring opn.], supra.) In consequence of the change effected — and this was to be anticipated— our decisions in multi-state highway accident cases, particularly in those involving guest-host controversies, have, it must be acknowledged, lacked consistency. This stemmed, in part, from the circumstance that it is frequently difficult to discover the purposes or policies underlying the relevant local law rules of the respective jurisdictions involved. It is even more difficult, assuming that these purposes or policies are found to conflict, to determine on some principled basis which should be given effect at the expense of the others.
The single all-encompassing rule which called, inexorably, for selection of the law of the place of injury was discarded, and wisely, because it was too broad to prove satisfactory in application. There is, however, no reason why choice-of-law rules, more narrow than those previously devised, should not be successfully developed, in order to assure a greater degree of predictability and uniformity, on the basis of our present knowledge and experience. (See, e.g., Cavers, The Choice of Law Process, 121-122; Reese, Choice of Law, 71 Col. L. Rev. 548, 555, 561-562; Reese, Choice of Law: Rules or Approach, 57 Com. L. Rev. 315, 321 et seq.; Rosenberg, Comments on Reich v. Purcell, 15 UCLA L. Rev. 641, 642, 646-647.) “The time has come,” I wrote in Tooker (24 N Y 2d, at p. 584), “to endeavor to minimize what some have characterized as an ad hoc case-by-case approach by laying down guidelines, as well as we can, for the solution of guest-host conflicts problems.” Babcock and its prbgeny enable us to formulate a set of basic principles that may be profitably utilized, for they have helped us uncover the underlying values and policies which are operative in this area of the íaw. To quote a^ain from the concurring *128 opinion in Tooker (p. 584), “ How that these values and policies have been revealed, we ma^ proceed to the next stage in the evolution of the law — the formulation of a few rules of general applicability, promising a fair level of predictability.” Although it *was recognized that no rule may be formulated to guarantee a satisfactory result in every case) the following principles were proposed as sound for situations involving guest statutes in conflicts settings (24 N Y 2d, at p. 585):
‘ ‘ 1. When the guest-passenger and the host-driver are domiciled in the same state, and the car is there registered, the law of that state should Control and determine the standard of care which the host owes to his guest.
“ 2. When the driver’s conduct occurred in the state of his domicile and that state does not cast him in liability for that conduct, he should not be held liable by reason of the fact that liability would be imposed upon him under the tort law of the state of the victim’s domicile. Conversely, when the guest was injured in the state of his own domicile and its law permits recovery, the driver who has come into that state should not — in the absence of special circumstances — be permitted to interpose the law of his state as a defense.
“3. In other situations, when the passenger and the driver are domiciled in different states, the rule is necessarily less categorical. Hormally, the applicable rule of decision will be that of the state where the accident occurred but not if it can be shown that displacing that normally applicable rule will advance the relevant substantive law purposes without impairing the smooth working of the multistate system or producing great uncertainty for litigants. (Cf. Restatement, 2d, Conflict of Laws, P.O.D., pt. II, §§ 146,159 [later adopted and promulgated May 23,1969].) ”
The variant views expressed not only in Tooker but by Special Term and the divided Appellate Division in this litigation underscore and confirm the need for these rules-. Since the passenger was domiciled in Ontario and the driver in Hew York, the present case is covered by the third -stated principle. The law to be applied is that of the jurisdiction where the accident happened *129 unless it appears that " displacing [the] normally applicable rule will advance the relevant substantive law purposes ” of the jurisdictions involved. Certainly, ignoring Ontario’s policy requiring proof of gross negligence in a case which involves an Ontario-domiciled guest at the expense of a New Yorker does not further the substantive law purposes of New York. In point of fact, application of New York law would result in the exposure of this State’s domiciliaries to a.greater liability than that imposed upon resident users of Ontario’s highways. Conversely, the failure to apply Ontario’s law would " impair ”— to cull from the rule set out above —" the smooth working of the multi-state system [and] produce great uncertainty for litigants ” by sanctioning forum shopping and thereby allowing a party to select a forum which could give him a larger recovery than the court of his own domicile. In short, the plaintiff has failed to show that this State’s connection with the controversy was sufficient to justify displacing the rule of lex loci delictus.
Professor Willis Reese, the Reporter for the current Conflict of Laws Restatement, expressed approval of rules such as those suggested above; they are, he wrote, " the sort of rules at which the courts should aim” (Reese, Choice of Law, 71 Col. L. Rev. 548, 562; see, also, Reese, Choice of Law: Rules or Approach, 57 Corn. L. Rev. 315, 321, 323, 328).[1] Indeed, in discussing the present case following the determination at Special Term that Ontario law should govern, he expressed the opinion that any other result would have been highly unreasonable (71 Col. L. Rev., at p. 563): " So far as the New York law was concerned, Judge Keating had argued in Tooker v. Lopez that New York’s motor vehicle compulsory insurance law revealed a ' commendable concern ’ not only for New York residents but also for non-residents injured by New Yorkers. On this basis, it could perhaps be argued that New York policy would be furthered by application of the New York rule imposing upon the driver the duty of exercising ordinary care for *130 the protection of his guest. But could this argument really be made with a straight face in support of an Ontario guest picked up in Ontario and who enjoyed no similar protection under Ontario Law? Was the New York rule really intended to be manna for the entire world? One can well understand the relief with which the trial judge seized upon Judge Fuld’s third rule and followed it by holding' the Ontario statute applicable.”
In each action, the Appellate Division’^ order should be reversed, that of Special Term reinstated, without costs, and the questions certified answered in the negative.

. In the other concurring opinion (24 N Y 2d, at p. 585), I wrote that in such a case — where the passenger is a resident of the state having a guest statute — “the applicable rule of decision will [normally] be that of the átate where the accident occurred ”.

. These rules have also been found acceptable, by several other courts. (See, e.g., Arbuthnot v. Allbright, 35 A D 2d 315; Weinstein v. Abraham, 64 Misc 2d 76; Hancock v. Holland, 63 Misc 2d 811; see, also, Pryor v. Swarner, 445 F. 2d 1272, 1275 et seq. [2d Cir.]; Beaulieu v. Beaulieu, 265 A. 2d 610, 617 [Maine].)