OPINION OF THE COURT
John G. Connor, J.
Plaintiff was injured in an automobile accident when he was riding in an automobile owned and driven by defendant Gavin P. Shields. The accident occurred in Ulster County, New York, apparently on a local trip wholly within the State. At the time of the accident, plaintiff was a New York resident while Gavin P. Shields was a resident of Florida.
Defendant Grace E. Shields is the mother of Gavin and was also a resident of Florida at the time of the accident. Under a Florida statute, Grace E. Shields would be liable for plaintiff’s injuries by virtue of the fact that she signed Gavin P. Shields’ application for a driver’s license when he was a minor and Gavin P. Shields was 17 years old at the time of the accident. In pertinent part, Florida Statutes Annotated § 322.09 provides: "(2) Any negligence or willful misconduct of a minor under the age of 18 years when driving a motor vehicle upon *146 a highway shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or willful misconduct.” Grace E. Shields now moves for summary judgment dismissing plaintiffs claim against her on the ground that New York law, which has no such liability provision, should control rather than the Florida law.
In addressing conflict of laws questions, New York has adopted the "governmental interests” approach to determining the applicable law, which has evolved from Babcock v Jackson (12 NY2d 473) and its progeny. As recently reviewed by the Court of Appeals in Schultz v Boy Scouts of Am. (65 NY2d 189, 199-200), the governmental interests approach to conflict of laws problems is not confined to guest statutes as was at issue in Babcock and some later cases.
Schultz (supra) presented a multiparty litigation involving a conflict between New Jersey’s charitable immunity defense and New York’s abrogation of that defense. Plaintiffs were New Jersey domiciliaries with one defendant charity a New Jersey domiciliary and one defendant charity an Ohio domiciliary. The tortious acts were committed in New York. New Jersey law was held” to apply to the aspect of the action involving New Jersey-domiciled plaintiffs and the defendant charity. The Court of Appeals reasoned that "[b]oth plaintiffs and defendant Boy Scouts in this case have chosen to identify themselves in the most concrete form possible, domicile, with a jurisdiction that has weighed the interests of charitable tortfeasors and their victims and decided to retain the defense of charitable immunity” (Schultz v Boy Scouts of Am., 65 NY2d 189, 199-200, supra). New Jersey’s interest in having its law apply was found to be significant since it had adopted a policy of charitable immunity to encourage the development of charitable work. Since the law in question was primarily loss regulating rather than conduct regulating, New York had little, if any, interest in the application of its law to deter future tortious conduct by charitable entities within its borders (supra, at pp 200-201).
As to the Ohio-domiciled defendant charity, the Court of Appeals looked to the third rule enunciated in Neumeier v Kuehner (31 NY2d 121, 128). In applying New Jersey law to that situation, the court relied upon its reasoning in plaintiffs’ action against the New Jersey-domiciled defendant Boy Scouts discussed supra. Again, the court focused upon plaintiffs’ *147 decision, as a domiciliary of New Jersey, "to accept the burdens as well as the benefits of that State’s loss-distribution tort rules” (Schultz v Boy Scouts of Am., supra, p 201). Additionally, the court found that while New Jersey’s law is contrary to that of New York, New York’s interests were not frustrated since New York had no significant interest in applying its own law to the dispute (Schultz v Boy Scouts of Am., 65 NY2d 189, 199-200, supra).
The present case involves a plaintiff and defendants domiciled in different States and the third principle of Neumeier (supra) should apply. Under that principle " '[normally, the applicable rule of decision will be that of the state where the accident occurred but not if it can be shown that displacing that normally applicable rule will advance the relevant substantive law purposes without impairing the smooth working of the multistate system or producing great uncertainty for litigants’ ” (31 NY2d, at p 128). Similar to the law at issue in Schultz (supra), the Florida statute in question here is primarily a postevent loss or liability allocating provision.
The New York contacts are that plaintiff is an injured domiciliary of this State and that the accident occurred here. Under the above Neumeier principle (supra), New York as the situs of the accident would normally have its law apply. Viewing the respective interests of New York and Florida in the present action, however, dictates a different result.
Florida has adopted a policy whereby it imposes upon the individual supporting a minor’s effort to obtain a driver’s license the liability for injury caused by that minor’s "negligent] or willful misconduct * * * when driving a motor vehicle upon a highway” (Fla Stats Ann § 322.09 [2]). When defendant Grace E. Shields signed and verified her son’s application for a driver’s license in Florida pursuant to Florida Statutes Annotated § 322.09 (1) (a), it is presumed that she knowingly undertook this additional liability. It is interesting to note that the Florida statute does not limit this liability to the minor’s operation of a motor vehicle within that State. The Florida statute has the obvious effect of providing an injured party with a greater chance of recovery since most minors have few assets against which a judgment may be executed. An additional purpose of such a statute would seemingly be to impose a supervisory responsibility upon the parent or guardian signing a minor’s application for a driver’s license. One would expect such a responsibility with its attendant civil liability to cause parents and guardians to indorse *148 only those minors whom they felt to be mature enough to accept and appreciate the obligations of driving an automobile.
While New York does not have a comparable statute, permitting the application of Florida law here does not frustrate the interests of New York in the present case. Although it can be argued that New York has decided not to expand the liability of parents and guardians of minors who drive, any such policy interest would relate only to domiciliaries of this State. Grace E. Shields’ liability as a parent of a negligent minor driver is cast upon her by virtue of her choice to be a domiciliary of Florida. The application of Florida law will enhance the " 'smooth working of the multistate system’ ” (Neumeier v Kuehner, 31 NY2d 121, 128, supra), since Grace E. Shields’ only reasonable expectation would have been that the law of her domicile would apply to her liability for her son’s negligent operation of a motor vehicle wherever he may drive, including highways beyond the borders of Florida and, in this case, upon the highways of New York (see, Schultz v Boy Scouts of Am., 65 NY2d 189, 201-202, supra).
In conclusion, defendant Grace E. Shields’ motion for summary judgment dismissing the complaint as to her is denied and Florida Statutes Annotated § 322.09 (2) is deemed to hold her vicariously liable for any injury caused by the negligent operation of a motor vehicle by her son, defendant Gavin P. Shields.