**Billy E. COOK, Plaintiff,**

v.

**George E. GOODHUE, Defendant.**

**No. 92–CV–1168.**

United States District Court, N.D. New York.

Jan. 31, 1994.

**1510**

E. Stewart Jones (Peter J. Moschetti, Jr. of counsel), Troy, NY, for plaintiff.

O'Connor & Yoquinto (Thomas J. O'Connor, of counsel), Troy, NY, for defendant.

### MEMORANDUM–DECISION and ORDER

HURD, United States Magistrate Judge.

### I. INTRODUCTION.

The defendant, George W. Goodhue, has moved for an order directing that the law of Canada govern with respect to the amount of non-pecuniary damages recoverable by the plaintiff. Canada imposes a $240,000 limit for recovery by a plaintiff for non-pecuniary harm. *Stein v. Corporation of the Township of Sandwich West,* June 30, 1993, 89–SC–0339, Ont.Gen.Div. Plaintiff, Billy E. Cook, opposes this motion, arguing that either the law of Texas or the law of New York should be applied in this case. Neither New York nor Texas has a limitation on recovery for non-pecuniary damages.

The facts as they apply to this motion are undisputed. On August 15, 1990, plaintiff and defendant were involved in an automobile accident in Malone, New York. Plaintiff was and is domiciled in the state of Texas. He was traveling from Canada to Texas in a truck registered in Texas. Defendant, a resident of Ontario, Canada, was traveling from Ontario, through New York, to Nova Scotia. The accident gave rise to the pending action.

### II. APPLICABLE LAW.

■ This court has jurisdiction based on diversity of citizenship. A federal court must apply the substantive law of the state in which the court sits in cases of diversity. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). This doctrine also applies to choice of law questions. *AroChem Int'l v. Buirkle,* 968 F.2d 266, 269–70 (2d Cir.1992). Therefore, this motion must be decided based on New York's choice of law rules.

New York applies what has come to be known as the "Neumeier Rule" for resolving conflict of law questions in cases where the choice of law issue arises between loss-allocating tort rules. This rule was formulated to apply to guest-passenger statutes in the case of *Neumeier v. Kuehner,* 31 N.Y.2d 121, 335 N.Y.S.2d 64, 286 N.E.2d 454 (1972), and later expanded to cover all loss-allocating tort rules in *Schultz v. Boy Scouts of America,* 65 N.Y.2d 189, 491 N.Y.S.2d 90, 480 N.E.2d 679 (1985). The Court in *Neumeier* presented three choice of law rules, each addressing a different conflict of law scenar-

io. The first rule ("Rule 1") is to be applied when both the plaintiff and the defendant are domiciled in the same state. *Neumeier*, 31 N.Y.2d at 128, 335 N.Y.S.2d 64, 286 N.E.2d 454. The second rule ("Rule 2") applies in cases where either the defendant's conduct occurred in the state of his domicile, or the plaintiff was injured in the state of his domicile. *Id.* If neither Rule 1 or Rule 2 applies, the court is to refer to the third *Neumeier* rule ("Rule 3").

Rule 3 is basically a return to the traditional rule of "lex loci delicti," or that the law of the place of the injury is the law to be applied. *Id.* However, if it can be shown that applying a law other than that of the place of the injury will advance the purposes of the substantive laws in question, that other law will be applied unless it "impair[s] the smooth working of the multistate system or produc[es] great uncertainty for litigants." *Id.* The special circumstances necessary to meet this exception to the "lex loci delicti" rule are determined on a case by case basis.

## III. *DISCUSSION.*

This case involves a plaintiff from Texas and a defendant from Canada. Therefore, there is no common domicile between the parties, and thus Rule 1 is inapplicable. Defendant's conduct relative to this case did not occur in Canada, nor did plaintiff's injury occur within the state of Texas. Therefore, Rule 2 is also inapplicable to this case. Since neither of the first two rules apply, we must look to Rule 3.

■ The accident occurred in New York, and under Rule 3, New York law should be applied in this case as the "lex loci delicti," unless defendant can show that applying Canadian law instead of New York law in this case will advance the purposes of the substantive laws in question. Defendant has failed to so demonstrate.

In order for defendant to overcome the application of New York law as the "lex loci delicti," he must demonstrate that applying Canadian law would not only advance the interests of Canada, but would also advance the interests of the relevant substantive laws of both Texas and New York. Defendant's error is in asserting that *Neumeier* stands for the proposition that the law of the place of the injury will not be applied if it is shown that application of Canadian or Texas law will advance the relevant substantive law purposes of *either* jurisdiction. This is not so. The exception to Rule 3 simply states that applying the law of a state other than that of the place of the injury will advance the relevant substantive law purposes. This means the purposes of *all* of the substantive laws relevant to the conflict, not just the laws of the state whose laws are to be applied. There is no "either" in the rule. Otherwise, it would be very easy for a party to demonstrate that the application of a particular state's law will advance the purposes of that law. This is self-evident. Unfortunately for the defendant, the exception to the "lex loci delicti" rule of *Neumeier* is not so easily met. Defendant must show that the purposes of *all* relevant substantive laws will be advanced by application of Canada's limit. This requirement includes the laws of New York and Texas, as well as Canada.

Defendant's argument that application of Canadian law will not *compromise* the interests of the laws of New York or Texas is irrelevant. It is irrelevant because application of Canadian law will not *advance* the interests of Texas law, which is what the exception to Rule 3 requires. Defendant concedes that one of the interests which Texas law promotes by not limiting non-pecuniary damages is to ensure the greatest recovery. By applying Canada's limitation on recovery for non-pecuniary loss, Texas' interest in ensuring the greatest recovery will not be advanced, it will be hindered. Texas' interest is not to ensure the greatest recovery up to $240,000. Therefore, applying Canada's limitation for non-pecuniary harm will not advance the purposes of the relevant law of Texas, and thus should not replace the application of the law of the place of the injury, New York.

Defendant's argument that application of Canadian law will not *compromise* the inter-

ests of New York or Texas, in addition to being irrelevant, is wrong. Defendant argues that Canada has a greater interest in having its law applied than New York or Texas. This is not so. Canada has an interest in protecting Canadian domiciliaries from excessive liability and ensuring that the premiums of Canadian insurance companies remain affordable. Similarly, Texas has an interest in protecting its citizens who have been injured in automobile accidents, and ensuring that they receive the greatest possible recovery. One does not outweigh the other. Additionally, New York has an interest in protecting those injured in accidents occurring on its roads and highways. New York's decision not to limit recovery for non-pecuniary loss demonstrates New York's intent that those injured in accidents occurring in New York should not be limited in their recovery. Defendant should not benefit from Canada's limit on non-pecuniary loss simply because he lives in Canada. Since the accident occurred in New York, New York has an interest in applying its law regardless of where the parties are domiciled. It should have been foreseeable to both defendant and defendant's insurance company that if defendant drove in the State of New York, he would be subject to New York law. It is unreasonable for defendant's automobile insurance company, as defendant asserts, to calculate premiums on the erroneous assumption that Canada's limitation would apply in actions against Canadian policy holders even when the accident occurs outside of Canada. It was reasonably foreseeable when defendant bought his policy that he would drive his car outside of Canadian boundaries, and would be subject to the laws of the state where he drove. Therefore, defendant's argument that Canada has a greater interest, in part, because defendant's automobile insurance was made on an erroneous assumption, carries no weight. Canada has no greater interest in having its law applied than Texas or New York.

## IV. *CONCLUSION.*

This case falls under the Rule 3 scenario, which states that the law of the place of the

wrong applies. Defendant has failed to show that Canada has any greater interest in having its law applied than Texas or New York. Additionally, and more relevant to the exception to Rule 3, defendant has failed to demonstrate how application of Canadian law will advance the purposes of the laws of Texas and New York. Therefore, the law of the place of the injury, New York, will apply in this case with respect to non-pecuniary loss. Defendant's motion is denied.

IT IS SO ORDERED.