[680 NYS2d 707]

LYNNE MONROE, as Personal Representative of the Estate of AMBER J. MONROE, Deceased, Respondent, v NUMED, INC., Appellant.

Third Department, November 12, 1998

APPEARANCES OF COUNSEL

*Fischer, Bessette & Muldowney, L. L. P.,* Malone (*John F. Muldowney* of counsel), for appellant.

*Domenic J. Valentine,* Cape Coral, Florida (*Michael J. Flaherty* of *Flaherty & Shea,* Buffalo, of counsel), for respondent.

## OPINION OF THE COURT

MERCURE, J.

Plaintiff's infant daughter (hereinafter the child) died when a balloon catheter burst in her heart during the course of a balloon dilatation angioplasty procedure performed on her on January 12, 1994. It is undisputed that the child, her parents and the physician who performed the procedure were all Florida residents and that the procedure was performed in a Florida hospital. In this products liability action, plaintiff seeks to recover damages from defendant, the New York corporation that manufactured the balloon catheter, under Florida's wrongful death act, which, unlike its New York counterpart (*see,* EPTL 5-4.3), would permit the child's parents to recover for their own pain and suffering resulting from the child's death. Following joinder of issue and some discovery, defendant moved for partial summary judgment, urging application of New York law and on that basis seeking to dismiss all claims for nonpecuniary loss. Finding that under applicable choice of law analysis Florida law should apply in this case, Supreme Court denied the motion. Defendant appeals and we affirm.

Prior to 1963, New York almost invariably applied the traditional choice of law rule that "the substantive rights and liabilities arising out of a tortious occurrence are determinable by the law of the place of the tort" (*Babcock v Jackson,* 12 NY2d 473, 477). In the landmark case of *Babcock v Jackson* (*supra*), however, the Court of Appeals abandoned that approach in favor of one "giving controlling effect to the law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation" (*id.,* at 481).

Thereafter, in *Neumeier v Kuehner* (31 NY2d 121), the Court of Appeals recognized that *Babcock*'s rejection of "the mechanical place of injury rule in personal injury cases" (*Neumeier v Kuehner, supra,* at 127) had brought about inconsistent results in some subsequent cases, particularly those involving " 'guest-host conflicts problems' " (*id.,* at 127). Therefore, in an effort to develop more narrow choice-of-law rules "in order to assure a

greater degree of predictability and uniformity" (*id.*, at 127), the Court of Appeals devised the three so-called *Neumeier* rules which, although drafted in terms of guest statutes, have been applied to other loss allocation conflicts as well (*see, Cooney v Osgood Mach.*, 81 NY2d 66, 73). The present controversy is controlled by the second of the *Neumeier* rules, designed for use in the "true conflict[s]" case "where the local law of each litigant's domicile favors that party, and the action is pending in one of those jurisdictions" (*id.*, at 76; *see, Neumeier v Kuehner*, *supra*, at 128), in which case the place of injury governs (*see, id.*). "This holding is consistent with the result reached historically, and reflects application of a neutral factor that favors neither the forum's law nor its domiciliaries" (*Cooney v Osgood Mach.*, *supra*, at 76).

In *Cooney v Osgood Mach.* (*supra*), a products liability case that presented a fact pattern rather similar to the one before us, the Court of Appeals employed the second *Neumeier* rule and then set forth additional analysis with a view to protecting the parties' "reasonable expectations" as further justification for its determination to apply the law of the place of the injury (*Cooney v Osgood Mach.*, *supra*, at 77). As in *Cooney*, we believe that the choice of the law of the place of injury (here Florida) which results from application of the second *Neumeier* rule is well supported by a consideration of the parties' reasonable expectations. Obviously, as Florida residents who sought medical treatment for their infant child in a Florida hospital, the child's parents had every reasonable expectation that the law of Florida and its loss allocation rules would apply. In fact, we doubt they could have imagined the horrible set of circumstances that ultimately brought them before a New York court in order to seek damages from a party found to be beyond the personal jurisdiction of the Florida courts.

In addition, and contrary to defendant's claim of isolation by virtue of the fact that its products were manufactured in and initially shipped from New York, the record supports a finding that defendant was well aware that its catheters were ultimately marketed and utilized in all 50 states and, in fact, throughout the world. Under the circumstances, defendant surely should have anticipated the possibility that it would be subjected to sister-State laws with loss allocation rules more favorable to plaintiffs than those of this State. We therefore conclude that a consideration of the parties' reasonable expectations amply supports the choice of Florida law.

As a final matter, we agree with Supreme Court that defendant has failed to demonstrate that the variance between the

respective New York and Florida wrongful death statutes supports a finding that the latter is "truly obnoxious" to the public policy of New York (*Cooney v Osgood Mach., supra,* at 79; *Schultz v Boy Scouts,* 65 NY2d 189, 202-203).

CARDONA, P. J., MIKOLL, PETERS and CARPINELLO, JJ., concur.

Ordered that the order is affirmed, with costs.