■ JACOB UNGAR, as Guardian of GEOFFREY SAMUEL FISHER, Appellant, v RIVKA FISHER et al., Respondents. [804 NYS2d 744]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered July 19, 2004, which denied plaintiff's motion for summary judgment on the issue of liability and granted

defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The action, which arises out of a one-car accident in upstate New York near the Canadian border, and is brought by an infant against the car's driver, his mother, the car's lessee, his father, and the car's owner, a car rental company, was properly dismissed on the ground of forum non conveniens. All of the parties are Canadian residents, the car was leased and insured in Canada, the car rental company does not do business in New York, all but emergency medical treatment was rendered in Canada, the trip began and was to end in Canada, there were no eyewitnesses to the accident, and Canadian law applies (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985]; *Neumeier v Kuehner*, 31 NY2d 121, 128 [1972]). In these circumstances, it does not avail plaintiff that Quebec's no-fault law effectively deprives him of an alternative forum (*see Shin-Etsu Chem. Co., Ltd. v ICICI Bank Ltd.*, 9 AD3d 171, 179-180 [2004]). Indeed, to the extent that retention of jurisdiction would frustrate Quebec's law, it is a factor that favors dismissal. Nor does it avail plaintiff that his guardian ad litem is a New York resident. We have considered plaintiff's other arguments and find them unavailing. Concur—Buckley, P.J., Tom, Saxe, Gonzalez and Malone, JJ.