■ Yuriy Zatuchny et al., Respondents, v "John Doe" et al., Defendants, and Mercedes-Benz Credit Corp., Appellant. [825 NYS2d 458]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered April 25, 2006, which denied defendant-appellant's motion to dismiss the complaint as against it for failure to state a cause of action, unanimously affirmed, without costs.

The action is for wrongful death and arises out of a single-vehicle car accident in New York. Plaintiffs are New Jersey domiciliaries, as was their decedent and daughter, a passenger in the car who was killed in the accident. Defendants, one of whom leased the car in New Jersey, are New Jersey domiciliaries, as was their decedent and son, the driver of the car, who was also killed in the accident. Defendant-appellant is the lessor of the car and a domiciliary of Michigan. Significantly, a second passenger who was killed in the accident was a New York domiciliary. It appears that an action brought by the New York passenger's estate was consolidated with the instant action shortly after the instant motion was decided. There is no dispute that New Jersey does not impose vicarious liability on vehicle owners except in limited situations not present here, and that if, as appellant argues, New Jersey law governs, plaintiffs would have no cause of action against appellant. We find that New York law governs. Vicarious liability is a rule of loss allocation (*see Cooney v Osgood Mach.*, 81 NY2d 66, 72 [1993]) subject to one of the three choice-of-law rules set forth in *Neumeier v Kuehner* (31 NY2d 121 [1972]) (*Cooney* at 73). Under *Neumeier*, in a "split-domicile" case like this, where the interested parties do not share a common domicile, "the usually governing law will be that of the place where the accident occurred, unless displacing that normally applicable rule will advance the relevant substantive law purposes without impairing the smooth working of the multistate system or producing great uncertainty for litigants" (*id.* at 73-74 [internal quotation marks omitted]). Appellant makes no such showing warranting "displacement" of the "normally applicable" New York law. Accordingly, Vehicle and Traffic Law § 388 applies to hold appellant vicariously liable for any liability found against defendants. Concur—Andrias, J.P., Friedman, Sullivan, Nardelli and Malone, JJ.