■ MOSHE WOSNER, Respondent, v ELRAC INCORPORATED, Appellant, et al., Defendants. (And a Third-Party Action.) [851 NYS2d 192]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered July 20, 2007, which, upon the grant of reargument,

vacated its prior order and denied defendant ELRAC Incorporated's motion to apply the law of New Jersey and to dismiss the complaint and all cross claims as against it, unanimously affirmed, with costs.

The court properly determined that New York law controls in this action where plaintiff is alleged to have sustained serious injuries when the automobile in which he was a passenger, and which was being operated by defendant Leibowitz, was involved in an accident in New Jersey with a vehicle owned and driven by defendant O'Brien, a Pennsylvania resident. The record establishes that plaintiff and Leibowitz are both New York domiciliaries, and when the driver-host and the passenger-guest share a common domicile, the law of that state generally controls (see Cooney v Osgood Mach., 81 NY2d 66, 73 [1993]; see also Neumeier v Kuehner, 31 NY2d 121, 128 [1972]). Although the car Leibowitz was driving was registered and insured in New Jersey under a long-term rental agreement with its owner, ELRAC, a Delaware corporation with its headquarters in New Jersey, Leibowitz primarily used, garaged and drove the vehicle in New York, and at the time of the accident, he and plaintiff were traveling between two New York locations, but just happened to pass briefly into New Jersey due to a fortuitous circumstance (see Babcock v Jackson, 12 NY2d 473, 480 [1963]). Concur—Lippman, P.J., Tom, Buckley and Gonzalez, JJ.