09-0530-cv
Dargahi v. Hymas

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of March, two thousand ten.

PRESENT: ROBERT D. SACK,
         RICHARD C. WESLEY,
                  *Circuit Judges*,
         RICHARD K. EATON,
                  *Judge*.[*]

_____

ALAIN AND CATHERINE DARGAHI,

              *Plaintiffs-Appellants*,

      -v.-                                    09-0530-cv

HONDA LEASE TRUST,

              *Defendant-Appellee,*

ROBERT A. HYMAS,

              *Defendant*.[**]

_____

[*] The Honorable Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

[**] The Clerk of the Court is respectfully directed to amend the official caption as set forth above.

FOR APPELLANTS:     RICHARD M. STEIGMAN, Gair, Gair, Conason,
                    Steigman, Mackauf, Bloom & Rubinowitz,
                    New York, New York.

FOR APPELLEE:       ANNETTE G. HASAPIDIS, Segal McCambridge
                    Singer & Mahoney, Ltd., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jones, *J.*).

**UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED**, **ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York be **AFFIRMED.**

Appellants, Alain and Catherine Dargahi, appeal from the October 15, 2008 order of the United States District Court for the Southern District of New York (Jones, *J.*), granting appellee Honda Lease Trust's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).[1] We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Appellants are French citizens and domiciliaries of France. Appellee is a Delaware statutory trust whose

---

[1] By an order of December 30, 2008, the district court granted appellants' motion for a final judgment in favor of appellee pursuant to Federal Rule of Civil Procedure 54(b). The purpose of Rule 54(b) is to "allow[] for the entry of a partial final judgment and thereby permit[] immediate appeal." *Geneva Pharm. Tech. Corp. v. Barr Labs. Inc.*, 386 F.3d 485, 495 (2d Cir. 2004). This was necessary in this case as the action involves multiple defendants, but the district court's October 15, 2008 order pertains only to the appellee before this Court. No party contests the propriety of the district court's December 30, 2008 order.

governing instrument states that it is created under, governed by, and construed according to the internal laws of the State of Delaware "without regard to any otherwise applicable principles of conflicts of laws." Honda Lease Trust maintains its principal place of business in California and does business in many states but does not do business in New York.

This litigation arises out of a collision in Manhattan between an individual who was driving a vehicle leased from the appellee and Mr. Dargahi, who was riding a bicycle. Appellants seek to hold Honda Lease Trust vicariously liable for the alleged negligence of the driver. The parties dispute which state's vicarious liability law should govern this action. Appellants argue New York law, which would impose vicarious liability on appellee, applies. By contrast, appellee argues that New York has no interest in applying its law to this action and that under the laws of the parties' respective domiciles, appellants cannot maintain a cause of action against it.

A grant of a motion pursuant to Rule 12(c) is proper "if, from the pleadings, the moving party is entitled to judgment as a matter of law." *Burns Int'l Sec. Servs., Inc.*

3

*v. Int'l Union*, 47 F.3d 14, 16 (2d Cir. 1995) (per curiam). We review *de novo* a district court's choice of law determination. *Int'l Bus. Mach. Corp. v. Liberty Mut. Ins. Co.*, 363 F.3d 137, 143 (2d Cir. 2004).

The district court properly determined that in a diversity case such as this one, "federal courts apply the choice of law rules of the forum state, in this case, New York." *Gilbert v. Seton Hall Univ.*, 332 F.3d 105, 109 (2d Cir. 2003). Vicarious liability laws are loss allocating rules and in determining which state's laws apply, the locus of the accident "has at best a minimal interest in determining the right of recovery or the extent of the remedy" when the accident did not involve a citizen of the forum state. *Schultz v. Boy Scouts of Am., Inc.*, 65 N.Y.2d 189, 198 (1985).

Our "choice of law analysis is governed by the so-called *Neumeier* rules." *Lee v. Bankers Trust, Co.*, 166 F.3d 540, 545 (2d Cir. 1999) (citing *Neumeier v. Kuehner*, 31 N.Y.2d 121 (1972)). As the district court recognized, the manner in which a court should identify the domicile of a statutory trust is far from pellucid. We affirm because on any theory of the domicile of Honda Lease Trust, we conclude

4

that neither France nor any of the states in which Honda Lease Trust could be said to be a domiciliary would allow appellants to maintain a cause of action against the appellee. Under such circumstances, "displacing" the inconsistent law of the forum "advance[s] the relevant substantive law purposes" of the parties' domiciliary states. *Neumeier*, 31 N.Y.2d at 129.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk