■ In the Matter of the Arbitration Between ERIE INSURANCE COMPANY, Respondent, and JOSHUA BOSS, Appellant. [922 NYS2d 710]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered March 11, 2010. The judgment determined that the law of Massachusetts applies in the subject arbitration proceeding.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Respondent was injured when he was struck by a motor vehicle operated by Melissa Brea, a Massachusetts resident, while he was crossing a street in Boston, Massachusetts. Respondent is insured under an automobile insurance policy issued by petitioner to respondent's father in New York State. The policy provides supplemental uninsured/underinsured motorist (SUM) coverage and, after petitioner gave respondent permission to settle with Brea's insurance carrier, he filed a claim for SUM benefits with petitioner and subsequently demanded arbitration. By order to show cause, petitioner sought, inter alia, a determination that Massachusetts

law applies to the issue of respondent's recoverable damages in the pending SUM arbitration. Massachusetts has a modified comparative negligence rule (*see* Mass Gen Laws Ann, ch 231, § 85), whereas New York has a pure comparative negligence rule (*see* CPLR 1411).

Respondent contends that Supreme Court erred in determining that Massachusetts law applied with respect to the SUM arbitration. We reject that contention. With respect to issues involving the interpretation of the SUM endorsement or other aspects of the policy, the standard choice of law analysis would result in the application of New York law (*see Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.]*, 81 NY2d 219, 225-228 [1993]; *see generally Cooney v Osgood Mach.*, 81 NY2d 66, 73-78 [1993]; *Neumeier v Kuehner*, 31 NY2d 121, 125-129 [1972]). The purpose of SUM coverage, however, is to compensate an insured party when he or she is injured by an uninsured or underinsured driver (*see Matter of Federal Ins. Co. v Watnick*, 80 NY2d 539, 543 [1992]). We thus conclude that an individual insured under a New York automobile policy who is injured in an accident in another jurisdiction should not be placed in either a better or worse position when filing a SUM benefits claim than he or she would have been if the tortfeasor had been fully insured. To apply New York law to the measure of damages in this case would not be consistent with the purpose served by SUM coverage, which is to take the place of a tortfeasor's insufficient insurance coverage. Present—Scudder, P.J., Fahey, Carni, Sconiers and Martoche, JJ.