# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**503**
**CA 10-02496**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE ARBITRATION BETWEEN ERIE
INSURANCE COMPANY, PETITIONER-RESPONDENT,

AND                                                   MEMORANDUM AND ORDER

JOSHUA BOSS, RESPONDENT-APPELLANT.

---

CHIACCHIA & FLEMING, LLP, HAMBURG (TIFFANY M. KOPACZ OF COUNSEL), FOR
RESPONDENT-APPELLANT.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (THOMAS P.
CUNNINGHAM OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Erie County (Joseph R. Glownia, J.), entered March 11, 2010. The
judgment determined that the law of Massachusetts applies in the
subject arbitration proceeding.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Respondent was injured when he was struck by a motor
vehicle operated by Melissa Brea, a Massachusetts resident, while he
was crossing a street in Boston, Massachusetts. Respondent is insured
under an automobile insurance policy issued by petitioner to
respondent's father in New York State. The policy provides
supplemental uninsured/underinsured motorist (SUM) coverage and, after
petitioner gave respondent permission to settle with Brea's insurance
carrier, he filed a claim for SUM benefits with petitioner and
subsequently demanded arbitration. By order to show cause, petitioner
sought, inter alia, a determination that Massachusetts law applies to
the issue of respondent's recoverable damages in the pending SUM
arbitration. Massachusetts has a modified comparative negligence rule
(*see* Mass Gen Laws Ann, tit 2, ch 231, § 85), whereas New York has a
pure comparative negligence rule (*see* CPLR 1411).

Respondent contends that Supreme Court erred in determining that
Massachusetts law applied with respect to the SUM arbitration. We
reject that contention. With respect to issues involving the
interpretation of the SUM endorsement or other aspects of the policy,
the standard choice of law analysis would result in the application of
New York law (*see Matter of Allstate Ins. Co. [Stolarz–New Jersey
Mfrs. Ins. Co.]*, 81 NY2d 219, 225-228; *see generally Cooney v Osgood
Mach.*, 81 NY2d 66, 73-78; *Neumeier v Kuehner*, 31 NY2d 121, 125-129).

The purpose of SUM coverage, however, is to compensate an insured party when he or she is injured by an uninsured or underinsured driver (*see Matter of Federal Ins. Co. v Watnick*, 80 NY2d 539, 543).  We thus conclude that an individual insured under a New York automobile policy who is injured in an accident in another jurisdiction should not be placed in either a better or worse position when filing a SUM benefits claim than he or she would have been if the tortfeasor had been fully insured.  To apply New York law to the measure of damages in this case would not be consistent with the purpose served by SUM coverage, which is to take the place of a tortfeasor's insufficient insurance coverage.

Entered:  May 6, 2011                          Patricia L. Morgan
                                               Clerk of the Court