■ WILLIAM A. CAIN, an Infant, by His Mother and Natural Guardian, CATHERINE A. CAIN, et al., Respondents, v GREATER NEW YORK COUNCIL OF THE BOY SCOUTS OF AMERICA, Appellant.—In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated April 8, 1986, which granted the plaintiffs' motion to strike the defendant's third and seventh affirmative defenses.

Ordered that the order is affirmed, with costs.

This action was instituted to recover damages as a result of first, second and third degree burns sustained by the infant plaintiff, William A. Cain, a New York resident, and included a derivative claim for damages sustained by his father, Robert Cain. The accident occurred on December 1, 1984, at the defendant's Alpine Boy Scout Camp, located in New Jersey, when the infant plaintiff attempted to light a fire in a propane gas container he found on the premises. The defendant, a corporation headquartered in New York City, asserted in its answer as its third affirmative defense that the plaintiffs' claims are barred under the New Jersey Charitable Immunity Statute (NJ Stat Annot § 2A:53A-7); as its seventh affirmative defense, the defendant asserted that the plaintiffs' claims are barred by the New Jersey comparative negligence statute (see, NJ Stat Annot § 2A:15-5.1), which bars any recovery by a plaintiff found to be more than 50% negligent. The court determined that these New Jersey statutes are unavailable as defenses in this action because of New York's greater interest in the specific issues raised in this litigation (cf., Neumeier v Kuehner, 31 NY2d 121). We agree.

New York long ago abandoned the doctrine of charitable immunity (see, Bing v Thunig, 2 NY2d 656). It more recently adopted a policy of permitting diminution of, rather than barring absolutely, recovery by a plaintiff whose injury was

proximately caused by a defendant's tortious conduct but whose own conduct was also a factor, however great or small, contributing to the happening of the accident *(see,* CPLR 1411). Like these New York rules, the New Jersey statutes on which the third and seventh affirmative defenses are based are loss allocating rather than conduct regulating *(see, Schultz v Boy Scouts,* 65 NY2d 189). New Jersey, therefore, has, at best, a minimal interest in determining the right of recovery or extent of the remedy available in this action between parties who are not its domiciliaries *(cf., Schultz v Boy Scouts, supra).* By contrast, New York has an important interest in protecting the resident plaintiffs, whose relationship with the defendant arose because of the latter's presence in this State *(cf., Schultz v Boy Scouts, supra; Babcock v Jackson,* 12 NY2d 473). Under the circumstances, the challenged affirmative defenses were properly dismissed. Mangano, J. P., Niehoff, Sullivan and Harwood, JJ., concur.