JEAN DE ROSE, as Administrator of the Estate of LESLIE DE ROSE, Deceased, Respondent, v NEW JERSEY TRANSIT RAIL OPERATIONS, Appellant.

Third Department, January 31, 1991

## APPEARANCES OF COUNSEL

*Johnston & McShane, P. C. (Bruce W. McShane* of counsel), for appellant.

*Moloney & Anker (Benjamin R. Anker* and *Gary A. Farole* of counsel), for respondent.

## OPINION OF THE COURT

YESAWICH, JR., J.

The infant decedent, a New York resident, was fatally injured when a commuter train operated by defendant struck him as he attempted to cross railroad tracks in the Village of Spring Valley, Rockland County. Decedent's father, who was appointed administrator of the estate, commenced this wrongful death action in Supreme Court against the New Jersey defendant. Defendant's answer included affirmative defenses based on the New Jersey Tort Claims Act (NJ Stat Annot, tit 59, subtit 1). Plaintiff thereupon moved to dismiss these defenses and Supreme Court held that New York's interest in determining the right of recovery or extent of the remedy in this action was superior to that of New Jersey and accordingly granted the motion. Defendant persuasively argues on appeal that Supreme Court neglected to apply principles of comity in deciding whether to give effect to New Jersey's immunity legislation; applying these principles, however, we affirm.

The New Jersey Tort Claims Act prescribes conditions precedent which must be met before suit may be brought against the State or other public entity (NJ Stat Annot

§§ 59:8-3—59:8-9). Additionally, the act diminishes any damage award by the percentage of negligence attributable to the injured party and, unlike New York, bars recovery if that percentage is greater than 50% (see, NJ Stat Annot § 59:9-4). This appeal presents two questions: first, whether, pursuant to New York's choice of law rules, the New Jersey Tort Claims Act is applicable, and second, whether, applying principles of comity, New Jersey's governmental immunity legislation should be given effect.

■ Supreme Court rightly determined that New York's interest in the specific issues raised in this litigation is greater than New Jersey's interest. While defendant is a New Jersey municipal corporation, New York has a stronger interest in determining the allocation of losses which may be occasioned by this suit. New York's interest predominates because the allegedly tortious conduct occurred in New York, plaintiff is and decedent was a New York resident, and decedent was fatally injured in New York (see, Schultz v Boy Scouts, 65 NY2d 189, 197; see generally, Neumeier v Kuehner, 31 NY2d 121, 128). Add to these elements the fact that New York has a deep and abiding interest in protecting its residents injured as a result of a nonresident defendant's presence in this State (Cain v Greater N. Y. Council of Boy Scouts, 133 AD2d 243, 244), and it is apparent that New York's substantive law should govern.

■ Even given New York's interest in resolving this action, the doctrine of comity may, however, dictate enforcement of New Jersey's law (see generally, 19 NY Jur 2d, Conflict of Laws, § 10, at 580-581). Comity principles ensure that foreign legislation which does not conflict with our own State's policies, as reflected in statute and judicial decision, applies (Ehrlich-Bober & Co. v University of Houston, 49 NY2d 574, 580). Such is not the situation here, where plaintiff's action seeks recovery for decedent's wrongful death. Both States condition waiver of governmental immunity from suit upon the filing of a timely notice of claim (Court of Claims Act § 10; NJ Stat Annot § 59:8-8). These notice requirements serve to allow each State time to settle meritorious claims, time to adequately investigate the incident and an opportunity to anticipate fiscal indebtedness (see, Friel Co. v New Jersey Turnpike Auth., 73 NJ 107, 373 A2d 364, 369; Fuller v Rutgers, State Univ., 154 NJ Super 420, 381 A2d 811, 814, cert denied 75 NJ 610, 384 A2d 840; 62 NY Jur 2d, Government Tort Liability, § 269, at 584). For wrongful death

actions, however, New York requires that notice be filed within 90 days *from the date the administrator is appointed* (Court of Claims Act § 10 [2]; General Municipal Law § 50-e [1] [a]; Public Authorities Law § 2980). New Jersey begins counting from the accrual of the cause of action (NJ Stat Annot § 59:8-8). More importantly, a wrongful death action cannot be brought in New York before an administrator is appointed *(see, Smith v State of New York,* 41 NY2d 1063, 1065). Inasmuch as New Jersey does not offer New York residents similar protection *(cf., Barbaria v Township of Sayreville,* 191 NJ Super 395, 467 A2d 259, 263), we choose not to give effect to the New Jersey Tort Claims Act *(see, Ehrlich-Bober & Co. v University of Houston, supra,* at 580-581).

CASEY, J. P., MIKOLL, LEVINE and HARVEY, JJ., concur.

Order affirmed, without costs.