■ THOMAS E. TWYFORD et al., Plaintiffs, v PRODUCTION ASSOCIATES, INC., Defendant and Third-Party Plaintiff-Appellant. MCDONALD's CORPORATION, Third-Party Defendant-Respondent. [637 NYS2d 473] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff, Production

Associates, Inc., appeals from an order of the Supreme Court, Richmond County (Amann, J.), dated May 20, 1994, which granted the motion of the third-party defendant, McDonald's Corporation, to dismiss the third-party complaint.

Ordered that the order is reversed, on the law, with costs, and the motion to dismiss the third-party complaint is denied.

Thomas E. Twyford, an employee of McDonald's Corporation (hereinafter McDonald's) working in New Jersey, commenced an action against Production Associates, Inc. (hereinafter Production Associates), to recover damages for injuries he suffered while attending a McDonald's employee convention in Pennsylvania. The third-party action was instituted by Production Associates, a corporation headquartered in Illinois, seeking contribution from the third-party defendant, McDonald's, also headquartered in Illinois, in the event the plaintiffs recovered damages in the main negligence action. By motion dated March 11, 1994, McDonald's moved for summary judgment on the grounds that Production Associates' action was precluded by the workers' compensation laws of either Pennsylvania or New Jersey, neither of which permits contribution claims against the employer of an injured employee. The Supreme Court, finding that Pennsylvania law applied, granted McDonald's motion, dismissing the third-party complaint.

It is well settled that when both parties are from the same jurisdiction, there is often little reason to apply another jurisdiction's loss allocation rules. This is so because the domiciliary jurisdiction has weighed the competing considerations underlying the loss allocation rule at issue, and has the greater interest in enforcing the decisions of parties to accept " 'both the benefits and the burdens of identifying with that jurisdiction and to submit themselves to its authority' " (*Cooney v Osgood Mach.*, 81 NY2d 66, 73, citing *Schultz v Boy Scouts*, 65 NY2d 189, 198).

Since the exclusivity of workers' compensation benefits and the right of third parties to implead an employer only affect the allocation of the losses between the responsible parties, the Supreme Court should have applied the law of the forum with the primary interest by utilizing the "interests analysis" approach to the choice of law question presented (*see, Matter of Istim, Inc. v Chemical Bank*, 78 NY2d 342). Since Production Associates is an Illinois corporation, and McDonald's, although a Delaware corporation, has its principal place of business in Illinois, we hold that the interests of Illinois are paramount (*see, also, Cooney v Osgood Mach., supra*, at 72; *Schultz v Boy Scouts, supra; Cain v Greater N. Y. Council of Boy Scouts*, 133

AD2d 243). We note that the workers' compensation scheme in Illinois only immunizes employers from direct actions by injured workers (*see*, Ill Stat, ch 820, § 305/5 [b]). As to McDonald's claim that, since it is incorporated under the laws of Delaware, it did not have a reasonable expectation of having Illinois law applied to it, we decline to address this argument since it is raised for the first time on appeal.

Accordingly, we conclude that the Supreme Court erred in its application of Pennsylvania law as a bar to Production Associates' third-party action. Accordingly, the order is reversed, on the law, and the motion to dismiss the third-party complaint is denied. O'Brien, J. P., Joy, Hart and Friedmann, JJ., concur.