■ RACHEL DeTELLIS, as Parent and Natural Guardian of NATHAN DeTELLIS, an Infant, et al., Respondents, v AVIS RENT A CAR SYSTEM, INC., et al., Appellants, et al., Defendant. (And a Third-Party Action.) [708 NYS2d 703] —In an action to recover damages for personal injuries, the defendants Avis Rent A Car System, Inc., and P.V. Holding Corp. appeal (1), as limited by their brief, from stated portions of an order of the Supreme Court, Nassau County (Burke, J.), dated May 24, 1999, and (2), as limited by their brief, from stated portions of an amended order of the same court, dated June 3, 1999, which, *inter alia,* denied that branch of their cross motion which was to dismiss the complaint insofar as asserted against them on the ground that New York law does not apply, and granted that branch of the plaintiffs' motion which was for partial summary judgment on the issue of liability.

Ordered that the appeal from the order dated May 24, 1999, is dismissed, as that order was superseded by the amended order; and it is further,

Ordered that the amended order is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

On September 22, 1992, the defendant Charles DeTellis (hereinafter the defendant) was traveling from South Carolina to Massachusetts, operating a vehicle owned by the appellants Avis Rent A Car System, Inc. (hereinafter Avis) and its subsidiary P.V. Holding Corp. (hereinafter P.V.H.C.). The defendant's wife, Rachel DeTellis, and their son, six-week old Nathan De-Tellis, the plaintiffs in this action, were in the back seat of the car when the defendant fell asleep at the wheel, causing the car to veer off the road and overturn, seriously injuring Nathan. The accident occurred in Newburgh, New York. The defendant

and his wife had been living and working in Haiti, but had returned to the United States for Nathan's birth and to visit family.

Since the plaintiffs are not domiciled in New York, and since the defendant Avis, although a Delaware corporation, has its principal place of business in New York, it is clear that the parties are of different domiciles (*see, Twyford v Production Assocs.,* 223 AD2d 698; *Weisberg v Layne-N. Y. Co.,* 132 AD2d 550). Thus, the Supreme Court correctly determined that the law of the State where the accident occurred would apply (*see, Cooney v Osgood Mach.,* 81 NY2d 66; *Schultz v Boy Scouts,* 65 NY2d 189; *Neumeier v Kuehner,* 31 NY2d 121, 128).

The plaintiffs made a prima facie showing that the defendant Charles DeTellis continued to drive in spite of feeling drowsy, and since no evidence was introduced that excused or explained his conduct, partial summary judgment was properly granted to the plaintiffs on the issue of liability (*see, Spivak v Heyward,* 248 AD2d 58).

The appellants' remaining contentions are without merit. O'Brien, J. P., McGinity, Luciano and Schmidt, JJ., concur.