■ In the Matter of NEW YORK COUNTY DES ACTIONS. PATRICIA KUSH, Appellant, v ABBOTT LABORATORIES et al., Respondents. [655 NYS2d 520] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered December 27, 1995, which granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, who alleges that her mother ingested DES in

Pennsylvania, where she was born in 1959 and resided until she moved to Massachusetts in 1984, is unable to identify the manufacturer of the DES her mother ingested, and urges application of the "market share" theory of liability. However, such is contrary to our recent precedent holding that where foreign residents' exposures to DES occurred in foreign States, and New York's connection to the actions is tenuous at best, "the substantive laws of the respective foreign States are applicable (*see, Schultz v Boy Scouts*, 65 NY2d 189; *Neumeier v Kuehner*, 31 NY2d 121, 128)" (*Godfrey v Eli Lilly & Co.*, 223 AD2d 427, 428, *lv denied* 88 NY2d 801).

Even assuming that plaintiff's injuries occurred in Massachusetts, where the effects of her mother's ingestion of DES became manifest, "the place of the wrong is considered to be the place where the last event necessary to make the actor liable occurred" (*Schultz v Boy Scouts, supra*, at 195). We agree with the Federal District Court (ED NY) that the relevant "last event" was either the ingestion of DES by plaintiff's mother or plaintiff's birth (*Ashley v Abbott Labs.*, 789 F Supp 552, 567, *appeal dismissed* 7 F3d 20), both of which occurred in Pennsylvania, and whose law therefore applies. Pennsylvania has not, as of this date, adopted a "market share" liability theory, described by its Supreme Court as a "significant departure" from its "general rule that a plaintiff, in order to recover, must establish that a particular defendant's negligence was the proximate cause of her injuries" (*Skipworth v Lead Indus. Assn.*, 547 Pa 224, 231, 690 A2d 169, 172). As we noted in *Godfrey v Eli Lilly & Co.* (*supra,* at 428), "it would be improper and presumptuous for the courts of this State to expand the theories of products liability recognized by Foreign States".
Concur—Rosenberger, J. P., Wallach, Nardelli and Rubin, JJ.