■ In the Matter of NEW YORK COUNTY DES LITIGATION. JACQUELINE BILLOS, Appellant, v ABBOTT LABORATORIES, INC., et al., Defendants, and WEST-WARD, INC., et al., Respondents. SUSAN CHIAPPONE, Appellant, v ABBOTT LABORATORIES, INC., et al., Defendants, and WEST-WARD, INC., et al., Respondents. MELINDA RACHLIN, Appellant, v ABBOTT LABORATORIES, INC., et al., Defendants, and WEST-WARD, INC., et al., Respondents. LAUREN SHAPIRO-MILANA, Appellant, v ABBOTT LABORATORIES, INC., et al., Defendants, and WEST-WARD, INC., et al., Respondents. (And Another Action.) [721 NYS2d 518] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered October 4, 1999, which, in actions for personal injuries caused by plaintiffs' in utero exposure to diethylstilbestrol (DES), granted defendant-respondent's motions for summary judgment dismissing the complaints, unanimously affirmed, without costs.

The actions were properly dismissed on the grounds that under admittedly applicable New Jersey law, each plaintiff must identify the particular manufacturer of the DES product that injured her, and that all of the plaintiffs concede that they cannot. Plaintiffs' argument that New Jersey courts would apply an alternative liability theory of liability to these cases (citing Estate of Chin v St. Barnabas Med. Ctr., 160 NJ 454, 734 A2d 778 [1999] [where patient sustains injury during surgery due to negligent use of medical instrument, and where it is unclear who was at fault but all possible persons at fault have been joined, doctrine of alternative liability requires each of the various defendants, the doctor, the nurses, the hospital and the instrument's manufacturer, to prove his, her or its own non-culpability for the injury]) is simply not in accord with controlling New Jersey authority (Namm v Frosst & Co., 178 NJ Super 19, 427 A2d 1121 [App Div 1981] [rejection of alternative liability and enterprise liability theories of liability in DES case]). Concur—Sullivan, P. J., Tom, Lerner, Buckley and Friedman, JJ.