█ Donna Gianvito, Appellant, v Premo Pharmaceutical Laboratories, Inc., Respondent. Jill Kern, Appellant, v Premo Pharmaceutical Laboratories, Inc., Respondent. Kim Kiernan, Appellant, v Premo Pharmaceutical Laboratories, Inc., Respondent. Kathleen Dalton, as Executrix of Mary Margaret Norton, Deceased, Appellant, v Premo Pharmaceutical Laboratories, Inc., etc., Defendant-Respondent. [940 NYS2d 272]—

Orders, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered October 5 and 6, 2010, which granted defendant's motions for summary judgment dismissing the complaints or to dismiss the complaints for failure to state a cause of action, unanimously affirmed, without costs.

In these product liability actions, plaintiffs allege that they suffered injury due to in utero exposure to the estrogen drug Diethylstilbestrol (DES), and they urge application of the "market share" theory of liability. The law to be applied in DES

cases is the law of "the place of the wrong," which is considered to be "the place where the last event necessary to make the actor liable occurred" (*Kush v Abbott Labs.*, 238 AD2d 172, 173 [1997] [internal quotation marks omitted]). Here, the unrefuted evidence demonstrates that plaintiffs' mothers were residents of New Jersey while pregnant, that the mothers ingested DES while in New Jersey, that they received medical treatment in New Jersey, and that plaintiffs were born in New Jersey. Accordingly, the last event to make defendant DES manufacturer liable clearly occurred in New Jersey, and thus New Jersey law applies (*see id.*).

New Jersey has not formally adopted a market share theory of liability in DES or similar cases (*see Namm v Charles E. Frosst & Co., Inc.*, 178 NJ Super 19, 427 A2d 1121 [1981]; *Shackil v Lederle Laboratories*, 116 NJ 155, 561 A2d 511 [1989], *revg* 219 NJ Super 601, 530 A2d 1287 [1987]; *see also Matter of New York County DES Litig.*, 281 AD2d 173 [2001]). Contrary to plaintiffs' contention, such a theory cannot be found based on dicta from certain New Jersey appellate courts (*e.g. Shackil*, 116 NJ at 191, 561 A2d at 529; *Moreno v American Home Prods., Inc.*, 2010 WL 4028605, 2010 NJ Super Unpub LEXIS 1537 [NJ Super Ct, App Div 2010], *cert denied* 205 NJ 101, 13 A3d 364 [2011]). Moreover, to the extent New Jersey law is unsettled on the issue, we decline to expand the law therein to allow plaintiffs to allege a market share theory (*Kush*, 238 AD2d at 173). Lastly, to the extent that two of the four plaintiffs have been able to identify the drug manufacturer responsible for their alleged DES-related injuries, they cannot rely on the market share theory (*see Lyons v Premo Pharm. Laboratories, Inc.*, 170 NJ Super 183, 192, 406 A2d 185, 190 [1979], *cert denied* 82 NJ 267, 412 A2d 774 [1979]). Concur—Mazzarelli, J.P., Saxe, Renwick, Richter and Abdus-Salaam, JJ.