■ FRONTIER MANUFACTURING, INC., a Division of COMMODORE BUSINESS MACHINES, INC., Appellant, v COMP-AIRE SYSTEMS, INC./JOY, Respondent. — Order unanimously reversed, with costs, and respondent's motion to compel arbitration denied on the ground of *forum non conveniens*. Memorandum: On appeal from an order which denied its application to stay arbitration and granted respondent's application to compel arbitration, petitioner asserts, as it did at Special Term, that New York is an inappropriate forum for these proceedings (see CPLR 327). We agree. The doctrine of *forum non conveniens* should be applied when, as here, "it plainly appears that New York is an inconvenient forum and that another is available which will best serve the ends of justice and the convenience of the parties" (*Silver v Great Amer. Ins. Co.,* 29 NY2d 356, 361; see, also, *Varkonyi v S. A. Empresa De Viacao Airea Rio Grandense [Varig],* 22 NY2d 333). Our courts are under no compulsion to accept jurisdiction of a cause of action having no substantial nexus with this State (*Silver v Great Amer. Ins. Co., supra,* p 361). Although petitioner and one of the respondent joint venturers are New York corporations, all of the relevant features of the dispute are centered in California (cf. *Ehrlich-Bober & Co. v University of Houston,* 49 NY2d 574, 581; *Sullivan v McNicholas Transfer*

*Co.,* 93 AD2d 527). The subject of the contract between the parties is construction upon real property situate in California. Necessary witnesses and documents are in that State. Litigation has already been comme~,ced in California which is at least peripheral to this dispute and may affect it, and there are parties to that litigation over whom New York has no control. The contract provides that California law shall govern. It expresses no intention that arbitration should be conducted in this State. Determination of the parties' ultimate rights and responsibilities should not depend upon respondent's choice of forum in a proceeding of this nature (see *Matter of Rederi [Dow Chem. Co.],* 25 NY2d 576, cert den 398 US 939). We thus conclude that New York is an unsuitable forum to determine the issue of arbitrability (see *Westwood Assoc. v Deluxe Gen.,* 53 NY2d 618; *Hadjioannou v Avramides,* 40 NY2d 929; *Matter of Berger [Berger],* 81 AD2d 584). (Appeal from order of Supreme Court, Onondaga County, Hayes, J. — arbitration.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.