OPINION OF THE COURT
Bertram R. Gelfand, J.
In this private placement adoption proceeding, petitioners, the maternal aunt and her husband, seek the adoption of a three-year-old nonmarital child who is an Italian national, born in Bari, Italy, on March 28, 1983. Attached to the petition is a purported affidavit in English executed in Italy by *153 the natural mother in which she consents to this application and states that she does so by reason of her mental infirmity making her unable to raise the infant. There are also submitted documents which indicate that this infant was the subject of proceedings in a court in Italy. These papers reflect that custody of the infant was given to the within petitioners on July 10,1984 by the Tribunal for Minors of Bari. In rendering this decision, the Italian court specifically took cognizance of the fact that the infant’s mother was mentally ill and stated that it was in no way rendering a determination on the issue of adoptability of said infant. Implicit in the holding of the Italian court is that it was not freeing the infant for adoption.
The judgment of the Tribunal for Minors of Bari was rendered by a court having subject matter and personal jurisdiction over the infant. It is this judgment that placed physical custody of the infant with petitioners. It is clearly a determination entitled to be accorded comity (see, Ehrlich-Bober & Co. v University of Houston, 49 NY2d 574, 580; Arpels v Arpels, 8 NY2d 339; see also, Zeevi & Sons v Grindlays Bank [Uganda], 37 NY2d 220, cert denied 423 US 866).
The matter presents serious issues as to the extinction of the parental rights of the infant’s mother and father. Although it is contended that the father is unknown, the mother is a person under a disability who resides in Bari, Italy. The infant is an Italian national over whom an Italian court has assumed jurisdiction. That court has sanctioned the exit of the child from Italy while specifically reserving the parental rights of her natural mother. There is no feasible procedure by which this court could properly address the parental rights of a natural mother under a disability who resides in a foreign country. It is necessary that these rights be determined before this infant would be free for adoption and it is clearly appropriate that the issues be determined in Bari, Italy, which is the residence and domicile of the natural mother and the legal domicile of the infant (see, Frontier Mfg. v Comp-Aire Sys., 94 AD2d 960).
Accordingly, this court will hold the instant application for adoption in abeyance until it is in receipt of a determination from a court in Italy that this infant is free for adoption and that the rights of the natural parents have been extinguished pursuant to the applicable laws of Italy.