■ SHEPHERD SHOWCASE, INC., Respondent, v JOHN A. PE-KALA et al., Doing Business as MCI and as MOLE HOLE OF DANBURY, et al., Appellants.—Order unanimously affirmed without costs. Memorandum: Plaintiff constructed a storefront on real property leased by defendants John and Georgene Pekala from defendant Danbury Mall Associates Limited Partnership in a shopping center located in Danbury, Connecticut. When the Pekalas refused to pay plaintiff the full contract price, plaintiff filed a mechanic's lien in Danbury. Defendant Aetna Casualty & Surety Company furnished a bond in substitution for the lien. Plaintiff commenced the instant action in

Monroe County Supreme Court to declare that the lien was valid and to recover the amount of the lien plus attorney's fees.

Special Term properly denied the Pekalas' motion to dismiss plaintiff's action on the grounds of lack of subject matter and personal jurisdiction and forum non conveniens. Upon Aetna's posting of the bond, plaintiff's mechanic's lien detached from the Connecticut realty and attached to the bond *(see, White Plains Sash & Door Co. v Doyle,* 262 NY 16, 19; *Morton v Tucker,* 145 NY 244; *Tri-City Elec. Co. v People,* 96 AD2d 146, 150, *affd* 63 NY2d 969, *rearg denied* 64 NY2d 755). Thereafter, plaintiff ceased to have any interest in the Connecticut property *(see, Schriefer v Hewlett Manor Co.,* 228 App Div 649; Jensen, Mechanics' Liens §§ 251, 476 [4th ed]). Thus, New York State Supreme Court has general jurisdiction to dispose of plaintiff's equitable action to enforce its lien since the judgment that plaintiff seeks would be rendered on the bond rather than on the Connecticut realty *(see, Martirano Constr. Corp. v Briar Contr. Corp.,* 104 AD2d 1028, 1031; Jensen, Mechanics' Liens §§ 337, 476 [4th ed]).

Moreover, since the Connecticut realty is no longer the subject of plaintiff's action, its situs is not determinative of the proper forum *(cf.,* CPLR 507). The doctrine of forum non conveniens rests upon considerations of justice, fairness and convenience *(Silver v Great Am. Ins. Co.,* 29 NY2d 356, 361) and is addressed to the sound discretion of the trial court *(see, Belachew v Michael,* 59 NY2d 1004). The doctrine should be applied only when it plainly appears that New York is an inconvenient forum and that the action has no nexus to this State *(see, Islamic Republic v Pahlavi,* 62 NY2d 474, 478-479; *Frontier Mfg. v Comp-Aire Sys.,* 94 AD2d 960). Plaintiff's action has a substantial nexus to New York because plaintiff is based in Rochester, defendants Aetna and Danbury have offices there, and the contract specifically provides that in the event of a breach, "court hearings or arbitration, as decided by attorneys, will be held in Rochester, New York."

Moreover, pursuant to this contract provision, which is clear, unambiguous and not unconscionable, the Pekalas consented to personal jurisdiction *(see, National Equip. Rental v Szukhent,* 375 US 311; Siegel, NY Prac § 98). (Appeal from order of Supreme Court, Monroe County, Rosenbloom, J.— dismiss complaint.) Present—Callahan, J. P., Doerr, Denman, Green and Balio, JJ.