■ In the Matter of the Claim of JAMES DEAS, Respondent, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed July 27, 1987.

On August 30, 1983, claimant, a New York City Housing Authority (hereinafter the Authority) peace officer, was injured while making an arrest. The Authority paid claimant his full wages during the time he was unable to work and requested reimbursement from its workers' compensation insurance carrier, the State Insurance Fund (hereinafter the carrier). The carrier commenced compensation payments without waiting for a formal award and paid benefits totaling $1,479 to reimburse the Authority. An award was thereafter made payable to the Authority in the amount of $1,989. The carrier did not timely pay the additional $510, and an Administrative Law Judge assessed a penalty against it pursuant to Workers' Compensation Law § 25 (3) (c),* payable to claimant. The Workers' Compensation Board affirmed. This appeal ensued, with the Authority and carrier admitting that a penalty was properly assessed but contending that it should have been paid to the Authority, not claimant.

We reverse. Since this is a case of statutory analysis dependent only on an accurate apprehension of legislative intent and not involving knowledge and understanding of underlying operational practices or entailing an evaluation of factual data and inferences to be drawn therefrom, there is little basis to rely on any special expertise of the administrative agency *(see, Matter of Thomas v Bethlehem Steel Corp.,* 63 NY2d 150, 154; *Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459).

While the language of Workers' Compensation Law § 25 (3) (c), even as modified in 1986 when the provision was redesignated as section 25 (3) (d), specifies the injured worker and his

---

* Subsequent to the initial decision in this case, this section was redesignated section 25 (3) (d) by Laws of 1986 (ch 61).

or her dependents as the appropriate recipients of the penalty, we are not bound to give literal interpretation to a statute which would lead to an unjust or unreasonable result *(see, New York State Bankers Assn. v Albright,* 38 NY2d 430, 437). Instead, we can look to the spirit and purpose of the statute and to the objectives sought to be accomplished by the Legislature *(see, Matter of Petterson v Daystrom Corp.,* 17 NY2d 32, 38). Clearly, the intention behind the penalty statute is to motivate prompt payment of awards *(see, Matter of White v New York City Hous. Auth.,* 83 AD2d 707, 708).

The employer who has paid a claimant his full wages is the party prejudiced by the late payment of an award to reimburse it. The claimant is unaffected by the late payment. It seems inconceivable that the Legislature intended for the claimant to receive a windfall under these circumstances. We reject the Board's argument that the statute is consistent with the pervasive intent of the Workers' Compensation Law to benefit insured workers. In our view, the economic and humanitarian objects of the act are not advanced by such a construction of the statute. The employer, having already paid claimant, stands in claimant's shoes *(see, supra),* and logically should be the recipient of the penalty. Any other construction of the statute would produce an absurd result.

Decision reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.