ERNEST HAMILTON et al., Individually and as Parents and Natural Guardians of RANDI L. HAMILTON, an Infant, Appellants, v JOSEPH R. PURSER, Defendant, and TERRI L. HUNT et al., Respondents.

Third Department, October 18, 1990

**APPEARANCES OF COUNSEL**

*Cherundolo, Bottar & Delduchetto, P. C. (Edward S. Leone* of counsel), for appellants.

*Chernin & Gold (Robert G. Bullis* of counsel), for respondents.

OPINION OF THE COURT

MERCURE, J.

On July 12, 1987, eight-year-old Randi L. Hamilton was a backseat passenger in an automobile owned by defendant Terri L. Hunt and operated by Charles Drake at the time of a collision with an automobile owned and operated by defendant Joseph R. Purser, causing the injuries forming the basis for this action by plaintiffs, Hamilton's parents. Liability against Hunt and Drake's personal representative, defendant Earl V. Drake, Jr. (hereinafter collectively referred to as defendants), is predicated in part upon alleged noncompliance with Vehicle and Traffic Law § 1229-c, which, as is relevant here, provides that no person shall operate a motor vehicle in this State unless all backseat passengers under the age of 10 are restrained by a safety belt (Vehicle and Traffic Law § 1229-c [1]). Following joinder of issue, Supreme Court granted a motion by defendants for summary judgment dismissing the first and second causes of action and that portion of the third cause of action of the amended complaint which alleged a violation of Vehicle and Traffic Law § 1229-c as an independent basis for liability against defendants. Plaintiffs appeal.

We affirm. Vehicle and Traffic Law § 1229-c (8) states that *"[n]on-compliance with the provisions of this section shall not be admissible as evidence in any civil action in a court of law in regard to the issue of liability* but may be introduced into evidence in mitigation of damages provided the party introducing said evidence has pleaded such non-compliance as an affirmative defense" (emphasis supplied). We are constrained to hold that the emphasized language defeats the causes of action predicated upon a violation of Vehicle and Traffic Law § 1229-c (1) as a matter of law.

Although a review of the extensive legislative history to Vehicle and Traffic Law § 1229-c gives no clue as to the purpose for subdivision (8), it would first appear that it was intended to codify the rule of law pronounced in *Spier v Barker* (35 NY2d 444) *(see,* mem of NY St Thruway Auth, Governor's Bill Jacket, L 1984, ch 365). There, the Court of Appeals held that a jury may consider nonuse of an available seat belt "in arriving at its determination as to whether the

plaintiff has exercised due care, not only to avoid injury to himself, but to mitigate any injury he would likely sustain" *(Spier v Barker, supra,* at 449-450), only on the issue of the plaintiff's damages, though, and not "in resolving the issue of liability" *(supra,* at 450). *Spier,* concerned only with proof of a plaintiff's failure to make use of an available seat belt, would not appear to preclude plaintiffs' cause of action. Thus, in *Costello v Marchese* (137 AD2d 482), involving an accident which occurred prior to the effective date of Vehicle and Traffic Law § 1229-c, the Second Department held that *Spier v Barker (supra)* did not prevent an infant plaintiff from presenting proof of a defendant's negligence in failing to fasten the child's seat belt.

However, in enacting Vehicle and Traffic Law § 1229-c (8), the Legislature used far more expansive language than that employed in *Spier v Barker (supra).* Rather than merely limit proof of a *plaintiff's* nonuse of a seat belt, that subdivision, in the broadest, and clearest of terms, prohibits *any evidence* of noncompliance in regard to the issue of liability (Vehicle and Traffic Law § 1229-c [8]). "A fundamental rule of statutory construction is that the Legislature is presumed to mean what it says and when the language of a statute is unambiguous, it is to be construed 'according to its natural and most obvious sense, without resorting to an artificial or forced construction' " *(Matter of Schmidt v Roberts,* 74 NY2d 513, 520, quoting McKinney's Cons Laws of NY, Book 1, Statutes § 94; *see, Doctors Council v New York City Employees' Retirement Sys.,* 71 NY2d 669, 674-675). Absent ambiguity, the courts may not resort to rules of construction to vary the scope and application of a statute *(see, Bender v Jamaica Hosp.,* 40 NY2d 560, 561-562) by "engraft[ing] exceptions where none exist" (McKinney's Cons Laws of NY, Book 1, Statutes § 76, at 168). Here, the statute's "plain command" *(see, Matter of Deas v New York City Hous. Auth.,* 74 NY2d 914, 915, *revg* 144 AD2d 836) prohibits proof in support of plaintiffs' causes of action predicated, directly or indirectly, upon noncompliance with Vehicle and Traffic Law § 1229-c. Accordingly, summary judgment was properly granted dismissing those causes of action.

KANE, J. P., WEISS, LEVINE and HARVEY, JJ., concur.

Order and judgment affirmed, without costs.