FREDERICK HOOGENBOOM et al., Respondents, v RONALD P. GILMORE, JR., et al., Appellants. [719 NYS2d 791] —Order

unanimously affirmed with costs. Memorandum: Supreme Court properly denied those parts of defendants' motions and cross motions to dismiss the complaints upon the ground of forum non conveniens. That doctrine "should be applied only when it plainly appears that New York is an inconvenient forum and that the action has no nexus to this State" (*Shepherd Showcase v Pekala*, 138 AD2d 960, 961; *see, Singh v Swan*, 225 AD2d 1057, 1058). Defendants failed to establish that New York is an inconvenient forum and that the actions have no nexus to this State. The motor vehicle accident occurred in New York, the individual defendants reside in New York, and the corporate defendants conduct business in New York. Furthermore, the police officers who investigated the accident and the medical experts who initially treated plaintiffs are located in New York.

The court also properly denied those parts of defendants' motions and cross motions seeking to have the law of the Province of Ontario, Canada applied herein. In cases involving domiciliaries of different jurisdictions that have conflicting loss allocation rules, " '[n]ormally, the applicable rule of decision will be that of the state where the accident occurred but not if it can be shown that displacing that normally applicable rule will advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants' " (*Neumeier v Kuehner*, 31 NY2d 121, 128, quoting *Tooker v Lopez*, 24 NY2d 569, 585; *see, Schultz v Boy Scouts*, 65 NY2d 189, 201). "[W]e perceive no persuasive reason to displace the law of this State in the circumstances of th[ese] case[s]" (*LaForge v Normandin*, 158 AD2d 990). (Appeals from Order of Supreme Court, Cayuga County, Corning, J.—Dismiss Pleading.) Present—Pigott, Jr., P. J., Hurlbutt, Kehoe and Lawton, JJ.