■ HEATHER CUNNINGHAM, Appellant, v REGINALD VICTOR WILLIAMS III, et al., Respondents. [814 NYS2d 467]—

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered May 11, 2005 in a personal injury action. The order granted defendants' motions for an order determining that the law of Ontario, Canada applies to this action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained in a boating/jet skiing accident

on a lake in Ontario, Canada. Defendant Reginald Victor Williams, III, who was driving the boat, is a domiciliary of New York. At the time of the accident defendant Meghan W. Cleary, whose jet ski collided with plaintiff's jet ski, was a domiciliary of Alabama and plaintiff was a domiciliary of Colorado. Plaintiff sought the application of New York substantive law, and defendants each moved for an order determining that the law of Ontario, Canada applies to this action. Supreme Court properly granted defendants' motions.

Here, there is a conflict between the law of New York and the law of Ontario, Canada with respect to the cap on the amount of noneconomic damages recoverable by plaintiff, and thus the conflicting laws relate to the allocation of losses among the parties rather than the regulation of conduct (*see generally Schultz v Boy Scouts of Am.*, 65 NY2d 189, 192, 196-198 [1985]). If the conflicting laws regulate conduct, the law of the place of the tort applies because of the "locus jurisdiction's interests in protecting the reasonable expectations of the parties" and "the admonitory effect that applying its law will have on similar conduct in the future" (*id.* at 198). Where, however, the conflicting laws relate to the allocation of losses, then "considerations of the State's admonitory interest and party reliance are less important" (*id.*). Nevertheless, pursuant to the third rule set forth in *Neumeier v Kuehner* (31 NY2d 121, 128 [1972]), i.e., where the parties are domiciled in different states with conflicting laws, the law of the place of the tort normally applies, unless displacing it "will advance the relevant substantive law purposes without impairing the smooth working of the multistate system or producing great uncertainty for litigants" (*id.* [internal quotation marks omitted]; *see also Bodea v TransNat Express*, 286 AD2d 5, 10 [2001]). We conclude that plaintiff "failed to establish that the exception applies to warrant a departure from the locus jurisdiction rule" (*Bodea*, 286 AD2d at 11), and thus the third *Neumeier* rule warrants the application of the law of Ontario, Canada in this action (*see generally Hoogenboom v Gilmore*, 278 AD2d 895, 896 [2000]; *LaForge v Normandin*, 158 AD2d 990 [1990]). Present—Gorski, J.P., Martoche, Smith, Green and Pine, JJ.