GARY MARILLO, Respondent, v BENJAMIN MOORE & Co. et al., Appellants. [822 NYS2d 195]—

Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), dated June 23, 2005 in a personal injury action. The order, among other things, granted that part of plaintiff's cross motion seeking a determination that the law of New York applies to the action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when he was unloading a tanker truck at a manufacturing facility operated by defendant Benjamin Moore & Co., Ltd. in Ontario, Canada. Defendant Benjamin Moore & Co. is the parent company of defendant Benjamin Moore & Co., Ltd. Supreme Court properly denied that part of defendants' motion seeking an order determining that the law of Ontario applies to this action and granted that part of plaintiff's cross motion seeking an order determining that the law of New York applies to this action. "[T]here is a conflict between the law of New York and the law of Ontario, Canada with respect to the cap on the amount of noneconomic damages recoverable by plaintiff, and thus the conflicting laws relate to the allocation of losses among the parties rather than the regulation of conduct" (*Cunningham v Williams*, 28 AD3d 1211, 1212 [2006]). Because, as the parties agree, the conflicting laws are loss-allocating rather than substantive, one of the three *Neumeier* rules applies (*Neumeier v Kuehner*, 31 NY2d 121, 128 [1972]; *see Cooney v Osgood Mach.*, 81 NY2d 66, 72 [1993]; *Dorsey v Yantambwe*, 276 AD2d 108, 110 [2000], *lv denied* 96 NY2d 712 [2001]). The determination of which rule applies depends, in the first instance, on the domiciles of the parties (*see Cooney*, 81 NY2d at 73-74).

Here, the domicile of both defendants is New Jersey because they both maintain their principal place of business there (*see Dorsey*, 276 AD2d at 111), and it is undisputed that plaintiff's domicile is New York and that the laws of New York and New Jersey are not in conflict with respect to the cap on the amount of noneconomic damages recoverable by plaintiff. Pursuant to the third rule set forth in *Neumeier*, where, as here, "the parties are domiciled in different states with conflicting laws, the law of the place of the tort normally applies, unless displacing it will advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants" (*Cunningham*, 28 AD3d at 1212 [internal quotation marks omitted]). As the court properly concluded, "the relative interest[s] of the domicile and locus jurisdictions in having their laws apply" weigh in favor of the application of New York law (*Schultz v Boy Scouts of Am.*, 65 NY2d 189, 198 [1985]). Ontario has no interest in the application of its limitation on the recovery of noneconomic damages in an action between nondomiciliaries (*see King v Car Rentals, Inc.*, 29 AD3d 205, 214 [2006]), but New York has "an important interest in protecting its own residents injured in a foreign [jurisdiction]" by ensuring that they may receive full compensation for their injuries (*Schultz*, 65 NY2d at 199). Thus,

the court properly concluded that New York law applies. Present—Hurlbutt, J.P., Scudder, Gorski and Green, JJ.