PATRICIA KNIERY, Individually and as Administratrix of the Estate of MICHAEL KNIERY, Deceased, Respondent, v COTTRELL, INC., Appellant, et al., Defendants. [873 NYS2d 803]—

Appeal from an order of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered February 8, 2008. The order, insofar as appealed from, denied the motion of defendant Cottrell, Inc. to dismiss the complaint against it.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint against defendant Cottrell, Inc. is dismissed.

Memorandum: In June 2005, plaintiff's decedent sustained injuries that resulted in his death when he fell from a trailer manufactured by Cottrell, Inc. (defendant) in 1994 and owned by decedent's employer. Defendant is incorporated in Georgia, decedent was a New York resident, and the accident occurred in Ohio. The trailer was sold by defendant to the first purchaser on April 15, 1994. Defendant made a pre-answer motion to dismiss the complaint against it as time-barred, contending that Ohio's 10-year statute of repose for actions based on products liability claims controls (*see* Ohio Rev Code Ann § 2305.10 [C] [1]). Supreme Court erred in denying the motion. The statute upon which defendant relies is indeed a statute of repose rather than a mere statute of limitations and thus is substantive in nature (*see generally Tanges v Heidelberg N. Am.*, 93 NY2d 48, 54-58 [1999]). New York choice of law principles therefore govern the outcome of the motion (*see id.* at 53). "In the context of tort law, New York utilizes interest analysis to determine which of [the] competing jurisdictions has the greater interest in having its law applied in the litigation" (*Padula v Lilarn Props. Corp.*, 84 NY2d 519, 521 [1994]). " '[T]he law of the jurisdiction having the greatest interest in the litigation will be applied and . . . the [only] facts or contacts which obtain significance in defining State interests are those which relate to the purpose of the particular law in conflict' . . . Under this formulation, the significant contacts are, almost exclusively, the parties' domiciles and the locus of the tort" (*Schultz v Boy Scouts of Am.*, 65 NY2d 189, 197 [1985]). Here, there is no question that there is diversity with respect to the domiciles of the parties and that, because the locus of the tort is Ohio, the interest of Ohio in enforcing its own law is more significant than that of New York (*see id.* at 198). Present—Scudder, P.J., Martoche, Smith, Green and Gorski, JJ.