[887 NYS2d 405]

Doug Burnett et al., Respondents, v Columbus McKinnon Corporation, Appellant.

Fourth Department, October 9, 2009

## APPEARANCES OF COUNSEL

*Amigone, Sanchez, Mattrey & Marshall, LLP*, Buffalo (*Richard A. Clack* of counsel), for appellant.

*Brady & Schaefer, LLP*, Amherst, and *Hovde Dassow & Deets LLC*, Indianapolis, Indiana (*Nicholas C. Deets* of the Indiana bar, admitted pro hac vice, of counsel), for respondents.

## OPINION OF THE COURT

Fahey, J.

The primary issue before us on this appeal is whether Supreme Court erred in granting plaintiffs' motion for an order applying the substantive law of New York in this personal injury action. We conclude that the court should have determined that the substantive law of Indiana applies to this action, and we thus conclude that the order should be reversed and that defendant's motion seeking that relief should be granted.

### I

In May 2001, Doug Burnett (plaintiff) was injured when he was struck by a steel coil that fell from a hook manufactured by defendant and owned by his employer, New Millennium Building Systems, LLC. Defendant is a New York corporation, plaintiff was an Ohio resident, and the accident occurred in Indiana. After discovery was nearly completed, defendant moved for an order applying the substantive law of Indiana to this action. Plaintiffs responded by moving for an order applying the substantive law of New York, and sought alternative relief in the form of an order precluding defendant from asserting any nonparty defenses with respect to plaintiff's employer (*see* Ind Code § 34-51-2-14). The court granted plaintiffs' motion seeking application of the substantive law of New York.

### II

We begin this choice of law analysis by addressing two ancillary issues. First, as defendant correctly contends, the situs of

the tort in this matter is the place of the injury, rather than the location where the allegedly defective product was manufactured (*see e.g. Schultz v Boy Scouts of Am.*, 65 NY2d 189, 195-197 [1985]; *Devore v Pfizer Inc.*, 58 AD3d 138, 141 [2008], *lv denied* 12 NY3d 703 [2009]; *cf. Kniery v Cottrell, Inc.*, 59 AD3d 1060, 1061 [2009]). Indeed, plaintiffs have conceded this issue by contending that the third of the three choice of law rules set forth in *Neumeier v Kuehner* (31 NY2d 121, 128 [1972]) governs our analysis in this matter.

Second, because New York is the forum state, i.e., the action was commenced here, "New York's choice-of-law principles govern the outcome of this matter" (*Padula v Lilarn Props. Corp.*, 84 NY2d 519, 521 [1994]). Plaintiffs' contention that Indiana courts would have applied New York law if this action had been filed in that state is thus of no moment.

### III

Turning to the merits, we note that "[t]he first step in any case presenting a potential choice of law issue is to determine whether there is an actual conflict between the laws of the jurisdictions involved" (*Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.]*, 81 NY2d 219, 223 [1993]; *see Bodea v TransNat Express*, 286 AD2d 5, 8 [2001]). Notably, there are two actual conflicts in this case.

First, New York has adopted a "pure" comparative negligence approach pursuant to which a plaintiff's fault may proportionally diminish the plaintiff's recovery but will not preclude such recovery unless the plaintiff was solely at fault (*see* CPLR 1411). By contrast, under the laws of Indiana and Ohio, a plaintiff may not recover if the percentage of fault attributable to him or her is greater than 50% of the total fault involved in the accident (*see* Ind Code §§ 34-51-2-6, 34-51-2-7; Ohio Rev Code Ann § 2315.33).

Second, under New York law, comparative fault may not be apportioned against the employer of an injured worker covered by workers' compensation insurance unless that worker suffered a grave injury within the meaning of Workers' Compensation Law § 11. Conversely, under Indiana law, the employer of an injured worker may be named as a "nonparty" for purposes of apportionment of fault even though the employer is immune from being sued and no damages may be recovered from the employer (*see* Ind Code §§ 34-51-2-7, 34-51-2-14; *Witte v Mundy ex rel. Mundy*, 820 NE2d 128, 133 [Ind 2005]; *Bulldog Battery*

*Corp. v Pica Invs., Inc.*, 736 NE2d 333, 338 [Ind 2000]). No issues with respect to the comparative fault laws in Ohio have been advanced by the parties.

Having recognized an actual conflict, we must identify "the significant contacts and in which jurisdiction they are located" (*Padula*, 84 NY2d at 521). The "interest analysis" test used in resolving choice of law conflicts gives "controlling effect . . . to the law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation" (*Schultz*, 65 NY2d at 196 [internal quotation marks omitted]; *see Bodea*, 286 AD2d at 9). "In most cases, [the] significant facts or contacts consist exclusively of the parties' domiciles and the place of the tort" (*Bodea*, 286 AD2d at 9; *see Schultz*, 65 NY2d at 197). Here, the significant contacts are the domiciles of plaintiffs (Ohio) and defendant (New York), as well as the place of the tort (Indiana). As previously noted, however, plaintiffs do not seek to apply the substantive law of their own domicile but, rather, they seek to apply the substantive law of defendant's domicile, i.e., New York, while defendant seeks to apply the substantive law of Indiana.

The next step in our analysis is to determine whether the conflicting laws are intended to regulate conduct or to allocate loss (*see Bodea*, 286 AD2d at 9). In the event that they are intended to regulate conduct, "such as standards of care," the conflict of laws issue is typically resolved by applying the law of the place of the tort (*Cooney v Osgood Mach.*, 81 NY2d 66, 72 [1993]; *see Bodea*, 286 AD2d at 9). That is not the case here, however. Rather, in this case the conflicting laws at issue "allocate losses after the tort occurs" (*Cooney*, 81 NY2d at 66; *see Padula*, 84 NY2d at 522; *Bodea*, 286 AD2d at 9). We thus must determine which of the three rules set forth in *Neumeier* (31 NY2d at 128) applies.

In *Neumeier*, the issue before the Court of Appeals was whether the "guest statute" contained in the no-fault legislation of the Province of Ontario, providing that the owner or driver of a vehicle is not liable for damages resulting from injury or death to a guest-passenger unless he or she was guilty of gross negligence, would apply against a New York defendant. The Court thus set forth three rules to employ in determining that issue, and those rules have subsequently been applied to tort actions involving conflicting loss allocation laws (*see Bodea*, 286 AD2d at 10; *see also Cooney*, 81 NY2d at 73; *Monroe v*

*NuMed, Inc.*, 250 AD2d 20 [1998], *lv dismissed* 93 NY2d 999 [1999]). The rules are as follows:

1. Where the parties share a common domicile, the law of the common domicile controls (*see Neumeier*, 31 NY2d at 128; *Bodea*, 286 AD2d at 10).

2. Where the parties are domiciled in different states, the situs of the tort is in a state in which a party is domiciled and the law in that state favors the domiciliary, the law of the place of injury will apply (*see Neumeier*, 31 NY2d at 128; *Bodea*, 286 AD2d at 10).

3. Where the parties are domiciled in different states with conflicting local laws, the law of the situs of the tort typically applies unless " 'it can be shown that displacing that normally applicable rule will advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants' " (*Neumeier*, 31 NY2d at 128, quoting *Tooker v Lopez*, 24 NY2d 569, 585 [1969, Fuld, J., concurring]; *see Bodea*, 286 AD2d at 10). "Where the interest of each jurisdiction in enforcing its laws is 'roughly equal[,] . . . the situs of the tort is appropriate as a "tie-breaker" because that is the only [jurisdiction] with which [the] parties have purposefully associated themselves in a significant way' " (*Bodea*, 286 AD2d at 10, quoting *Cooney*, 81 NY2d at 74).

## IV

Although the parties agree that the third *Neumeier* rule is applicable, they dispute whether the exception contained in that rule applies to the facts of this case. Plaintiffs urge us to invoke the exception to the third *Neumeier* rule on the strength of the decision of the United States District Court in *Datskow v Teledyne Cont. Motors Aircraft Prods., a Div. of Teledyne Indus., Inc.* (807 F Supp 941 [WD NY 1992]). *Datskow* is, of course, not controlling authority, however, and the basis for the conclusion reached therein appears to conflict with the principle elucidated in *Schultz* that "the place of the wrong is considered to be the place where the last event necessary to make the actor liable occurred" (65 NY2d at 195; *cf. Datskow*, 807 F Supp at 944). *Datskow* does not, in any event, establish that the exception to the third *Neumeier* rule should be regularly applied in products liability actions.

Instead, our analysis in this case proceeds under the general principle set forth in *Neumeier* that, under facts similar to those

in this case, the law of the situs of the tort will typically apply. The application of the substantive law of New York in this case would produce uncertainty for litigants, who are entitled to rely upon a consistent application of the *Neumeier* rules (*see* 31 NY2d at 128). Indeed, we have applied the third *Neumeier* rule, rather than the exception to the rule, in similar circumstances involving automobile and boating accidents (*see Cunningham v Williams*, 28 AD3d 1211, 1212 [2006]; *Bodea*, 286 AD2d at 8-12), as well as in a case in which the plaintiff sought recovery under a theory of products liability (*see Kniery*, 59 AD3d at 1061).

More importantly, there is no indication on this record that the exception to the third *Neumeier* rule applies to warrant a departure from the locus jurisdiction rule, and the substantive law of Indiana (the situs of the tort) should thus control this case. Plaintiff purposely associated himself with Indiana, and the legislature of that state has made a policy judgment to bar a plaintiff who was injured in an accident from recovering damages in cases in which he or she bears more than 50% of the fault (*see* Ind Code §§ 34-51-2-6, 34-51-2-7). Although "considerations of the State's admonitory interest and party reliance are less important" where the conflicting laws relate to the allocation of losses (*Schultz*, 65 NY2d at 198; *see Cunningham*, 28 AD3d at 1212), it cannot be gainsaid that Indiana has at least some interest in applying its substantive law to a workplace accident occurring within that state. That interest outweighs any interest of New York in applying its own substantive law in this case, particularly in light of the fact that "New York has no interest in applying its laws for the benefit of nonresidents and to the detriment of its residents" (*Brewster v Baltimore & Ohio R.R. Co.*, 185 AD2d 653, 654 [1992]; *see also Blatz v Westinghouse Elec. Corp.*, 274 AD2d 491 [2000]).

Finally, there is no merit to the additional contention of plaintiffs that defendant's motion was untimely. The choice of law issue "was not 'likely to take [plaintiffs] by surprise' and did not 'raise issues of fact not appearing on the face of [the complaint]' " (*Florio v Fisher Dev.*, 309 AD2d 694, 696 [2003], quoting CPLR 3018 [b]).

For all of the above-stated reasons, we conclude that the court should have granted defendant's motion seeking a determination that the substantive law of Indiana applies to this action.

## V

The last point of contention on this appeal concerns whether defendant may assert the "nonparty" defense available under

Indiana law (*see* Ind Code § 34-51-2-14). Pursuant to that defense, the employer of an injured worker may be named as a "nonparty" for purposes of apportionment of fault despite the fact that the employer is immune from being sued (*see id.*).

■ It is, of course, beyond our province to "perform useless or futile acts," and we are thus to refrain from "resolv[ing] disputed legal questions unless [to do so] would have an immediate practical effect on the conduct of the parties" (*New York Pub. Interest Research Group v Carey*, 42 NY2d 527, 530 [1977]). Here, although defendant has indicated in its brief that it intends to amend its answer "promptly" in the event that this Court determines that Indiana law applies, there is no motion by defendant for leave to amend its answer to assert the nonparty defense in the event that Indiana substantive law applies, nor can it be said with any degree of certainty that defendant will in fact so move. Consequently, the issue is not ripe for our review, and it would be "merely advisory" to grant the alternative request for relief in plaintiffs' motion, i.e., that defendant be precluded from asserting any nonparty defenses with respect to plaintiff's employer (*see id.* at 531).

## VI

Accordingly, we conclude that the order should be reversed, defendant's motion seeking application of the substantive law of Indiana granted and plaintiffs' motion denied.

MARTOCHE, J.P., CENTRA, PERADOTTO and GREEN, JJ., concur.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, defendant's motion is granted and plaintiffs' motion is denied.