# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**528**
**CA 13-01300**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

---

LAURA LANKENAU, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

PATRICK K. BOLES, M & S LEASING CO., LLC,
DEENA LANKENAU AND DOUGLAS LANKENAU,
DEFENDANTS-RESPONDENTS.
(APPEAL NO. 1.)

---

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (EDWARD J. SMITH, III,
OF COUNSEL), FOR PLAINTIFF-APPELLANT.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (MELISSA L.
VINCTON OF COUNSEL), FOR DEFENDANTS-RESPONDENTS PATRICK K. BOLES AND
M & S LEASING CO., LLC.

BURKE, SCOLAMIERO, MORTATI & HURD, LLP, ALBANY (MARK G. MITCHELL OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS DEENA LANKENAU AND DOUGLAS
LANKENAU.

---

Appeal from an order of the Supreme Court, Onondaga County
(Deborah H. Karalunas, J.), entered April 2, 2013. The order denied
the motion of plaintiff to dismiss certain affirmative defenses of
defendants.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff, a New York resident, commenced this
negligence action in New York seeking damages for injuries she
sustained in a motor vehicle accident that occurred in Pennsylvania.
At the time of the accident, plaintiff was a backseat passenger in a
vehicle operated by her mother, defendant Deena Lankenau, and owned by
her father, defendant Douglas Lankenau, both of whom are also
domiciled in New York. The accident occurred when the Lankenau
vehicle collided with a tractor-trailer operated by defendant Patrick
K. Boles, an employee of defendant M & S Leasing Co., LLC. Both of
those defendants are domiciled in New Jersey. In their answers,
defendants asserted as an affirmative defense that plaintiff failed to
mitigate her damages because she was not wearing an available seat
belt. Plaintiff moved to dismiss the affirmative defense, and we
conclude that Supreme Court properly denied the motion.

Plaintiff contends that the court erred in denying her motion

because New York's seat belt affirmative defense regulates conduct, and thus does not apply in a tort dispute arising from an accident that occurred in Pennsylvania. We reject that contention. "Conduct-regulating rules have the prophylactic effect of governing conduct to prevent injuries from occurring" (*Padula v Lilarn Props. Corp.*, 84 NY2d 519, 522; *see generally Schultz v Boy Scouts of Am.*, 65 NY2d 189, 198). " 'If conflicting conduct-regulating laws are at issue, the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders' " (*Padula*, 84 NY2d at 522, quoting *Cooney v Osgood Mach.*, 81 NY2d 66, 72). Conversely, where the conflicting laws serve only to allocate losses between the parties, such as vicarious liability or comparative negligence rules, the jurisdiction where the tort occurred has only a minimal interest in applying its own law (*see Schultz*, 65 NY2d at 198; *Burnett v Columbus McKinnon Corp.*, 69 AD3d 58, 60-62).

Here, the conflicting laws relate to whether there is a valid affirmative defense of seat belt nonuse. Pennsylvania law prohibits the presentation of evidence of seat belt nonuse (*see* 75 Pa CSA § 4581 [e]; *Gaudio v Ford Motor Co.*, 976 A2d 524, 536 [PA Super], *appeal denied* 605 Pa 686, 989 A2d 917), while New York law allows the trier of fact to consider a plaintiff's failure to wear an available seat belt only in assessing damages and the plaintiff's mitigation thereof (*see Spier v Barker*, 35 NY2d 444, 449-450; *Ruiz v Rochester Tel. Co.*, 195 AD2d 981, 981). We therefore conclude that the court properly determined that the seat belt defense "allocate[s] losses after the tort occurs" (*Cooney*, 81 NY2d at 72).

We further conclude that Pennsylvania has at best a minimal interest in applying its own law in this case (*see Schultz*, 65 NY2d at 198; *Burnett*, 69 AD3d at 60-62). The plaintiff and her defendant parents are residents of New York, where the seat belt defense is available. The other defendants are domiciled in New Jersey, which also permits the seat belt defense (*see Waterson v General Motors Corp.*, 111 NJ 238, 269-270, 544 A2d 357, 373-374). None of the parties is domiciled in Pennsylvania and, the situs of the tort notwithstanding, we perceive no basis for applying Pennsylvania law to deny a potential affirmative defense (*see generally Neumeier v Kuehner*, 31 NY2d 121, 128).

We recognize that New York has adopted a statutory seat belt defense subsequent to *Spier*, which is largely conduct-regulating (*see* Vehicle and Traffic Law § 1229-c [8]). Nevertheless, section 1229-c (8) did not supersede *Spier* and, therefore, the common-law seat belt defense remains valid, as employed here (*see Hamilton v Purser*, 162 AD2d 91, 93; 1A NY PJI3d 2:87 at 495 [2014]; PJI 2:87.1, 2:87.2). "The fact that [Pennsylvania] law did not require plaintiff to wear [her] seat belt at the time of the accident is of no moment" (*Gardner v Honda Motor Co.*, 145 AD2d 41, 47, *lv dismissed* 74 NY2d 715; *see Ruiz*, 195 AD2d at 981).

We have reviewed plaintiff's remaining contentions and conclude

that they lack merit.